NEW JERSEY REALTY TITLE INSURANCE COMPANY, PROSECUTOR, v. DIVISION OF TAX APPEALS IN THE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW JERSEY AND CITY OF NEWARK, DEFENDANTS.

Argued May 5, 1948—Decided July 23, 1948.

Before Justices BODINE and HEHER.

For the prosecutor, *Charles B. Niebling.*

For the defendant City of Newark, *Thomas L. Parsonnel* (*Vincent J. Casale,* of counsel).

The opinion of the court was delivered by

HEHER, J.   The question for decision is the validity of an assessment for taxation on intangible personal property of prosecutor, a stock insurance company, levied for the year 1945 by the City of Newark under *R. S.* 54:4–22, as amended by chapter 245 of the Pamphlet Laws of 1938.

The levy was in the sum of $75,700, or 15% of the sum of the company's paid-up capital and surplus in excess of liabilities and certain reserves for taxes, unearned premiums, losses, and so on.   The capital and surplus upon which the assessment was made included on the assessing date bonds issued by the United States in the total sum of $451,682.25; and it is contended that section 54:4–22, cited *supra,* is "in contravention of the Constitution and laws of the United States," in that the proviso incorporated by the amendment of 1938, cited *supra,* fixing a minimum assessment at the rate of 15% of the paid-up capital and surplus in excess of

liabilities, served to impose a direct tax upon the bonds issued by the federal government included in the capital and surplus account.

Stocks, bonds, Treasury notes, and other obligations of the United States are "exempt from taxation by or under state or municipal or local authority." 31 *U. S. C. A.,* § 742; *R. S.* 54:4–3. *Vide Howard Savings Institution* v. *Newark,* 63 *N. J. L.* 547. The exemption does not now extend to interest upon obligations, or dividends, earnings, or other income upon shares, certificates, stock, or other evidences of ownership, or gain from the sale or other disposition of such obligations and evidences of ownership issued on or after March 28th, 1942, by the United States or any agency or instrumentality thereof. *Chapter* 147 *of the Public Laws of* 1947; 61 *Stat.* 180; 31 *U. S. C. A.,* § 742a.

The tax imposed by section 54:4–22, as amended, is not an excise, but an *ad valorem* tax on personal property. It is comprehended under this heading in the Revised Statutes. The tax is levied "upon the full amount or value" of the company's property (exclusive of real estate and tangible personal property, which are to be separately assessed and taxed where located, all shares of stock owned by the company, and nontaxable and exempt property), less "all debts and liabilities certain and definite as to obligation and amount," and all reserves for taxes and a fixed proportion of the reserves for "unearned premiums, losses and other liabilities;" *provided* the assessment against the "intangible personal property" shall "in no event be less than 15% of the sum of the paid-up capital and surplus in excess of the total of all liabilities of such company," as stated in the company's annual statement for the preceding calendar year filed with the State Department of Banking and Insurance, after deduction "from such total of capital and surplus" of the amount of all tax assessments against real estate standing in the company's name.

Thus, there is no specific provision here for the exclusion of stocks, bonds, and other obligations of the United States from the base paid-up capital and surplus in the calculation of the statutorily fixed minimum assessment on intangible personal property; but this provision and section 54:4–3 are

*in pari materia* and are therefore to be construed and effectuated as one enactment. So viewed, the legislative command is to exclude the federal securities in reckoning the capital and surplus upon which the tax is assessable. It was not within the state legislative province to nullify the exemption from taxation of federal obligations of this class arising from federal law. If the 15% minimum assessment imposes, as it does here, what is in fact a tax upon the exempt federal securities, it is in contravention of federal law and therefore invalid. It is not to be presumed that the legislature intended to exceed its powers; quite the contrary. To tax the fund composed of exempt property is to tax such exempt property itself. *Newark City Bank* v. *Newark,* 30 *N. J. L.* 13; *Fidelity Trust Co.* v. *Board of Equalization of Taxes,* 77 *Id.* 128. A statute is to be construed as a whole with reference to the entire system of which it forms a part, and effectuated in accordance with what reasonably seems to be the legislative intention. Statutes constituting a system should be so construed as to make the system consistent in all its parts and uniform in its operation. *Lewis' Sutherland Statutory Construction* (2d ed.), § 443. This interpretive principle was applied in the analogous case of *Fidelity Trust Co.* v. *Board of Equalization of Taxes, supra.* A construction should be adopted which, if reasonable, will uphold the enactment rather than one which will defeat it.

And, even though the legislative intention be otherwise, the particular invalid provision is severable and the remainder stands unimpaired; and so the sum of the federal securities is deductible from the amount of capital and surplus in the ascertainment of the minimum tax. There is not that interdependence of provision which invalidates the whole. There is no hint of the indissoluble connection in legislative intent which would raise the inference that the legislative authority would not have enacted the one without the other. The excision of the invalid part of the statute under review, if such it be, will advance the essential legislative intent. The limitation thus imposed is a minor deviation which obviously is not of the essence of the statutory scheme and inseparable from it so that the failure of the one provision in part would

serve to nullify the whole enactment. The acceptance of the contrary view would frustrate the legislative will; and this is not of the judicial function.

The judgment of the Division of Tax Appeals sustaining the assessment is reversed; and the cause is remanded for further proceedings not inconsistent with this opinion.