HASHOMER HATZAIR, INC., PLAINTIFF, v. TOWNSHIP OF
EAST WINDSOR, DEFENDANT.

Tax Court of New Jersey

April 21, 1980.

*Morton Deitz,* for plaintiff (*Deitz & Aronson,* attorneys).

*Robert A. Gladstone,* for defendant (*Warren, Goldberg & Berman,* attorneys).

CONLEY, J. T. C.

Plaintiff taxpayer filed a petition of appeal with the State Division of Tax Appeals challenging a 1975 local property tax assessment of $181,400 on its 35-acre property. Plaintiff alleged that the assessment should have been $4,500 pursuant to the provisions of the Farmland Assessment Act of 1964, *N.J.S.A.* 54:4–23.1 *et seq.* The litigation was transferred to the Tax Court by operation of law. *N.J.S.A.* 2A:3A–26. Defendant township has filed a motion for summary judgment for the reason that the tax assessor had no record of receipt from the taxpayer of an application for valuation, assessment and taxation of its land under the Farmland Assessment Act for the tax year 1975.

The parties stipulated that the subject property "was entitled to be assessed and was assessed" as farmland "for many years prior to 1975." They also stipulated that "the subject property is otherwise entitled to the farmland assessment [for 1975] except for the fact that the tax assessor has no record of receipt of the Application on Form FA–1 submitted by the Petitioner, on or before August 1, 1974, for the tax year 1975." Plaintiff filed an affidavit of its property manager that he had "on or about July 15, 1974, signed and mailed the original Application form to the tax assessor for the Township of East Windsor. . . ." Finally, the parties stipulated that

> The sole issue to be tried herein is whether or not the timely mailing by Petitioner of properly completed and duly executed original Form FA–1 "Application for Valuation, Assessment and Taxation of Land Under the Farmland Assessment Act of 1964" meets the requirements of the Farmland Assessment Act of 1964, as amended, relating to the submission of Application for Valuation of Farmland thereunder, so as to entitle Petitioner to have its land assessed as farmland for the tax year 1975.

In support of its argument that timely mailing of a farmland assessment application meets the August 1 deadline set forth in the act, plaintiff observes that the Legislature required only that the application be "submitted" to the assessor by August 1. The text of the statutory language relied upon by plaintiff is as follows:

Land which is actively devoted to agricultural or horticultural use shall be eligible for valuation, assessment and taxation as herein provided when it meets the following qualifications:

 . . . . . . . .

(c) Application by the owner of such land for valuation hereunder is submitted on or before August 1 of the year immediately preceding the tax year to the assessor of the taxing district in which such land is situated on the form prescribed by the Director of the Division of Taxation. [N.J.S.A. 54:4–23.6]

The additional statutory language relied upon the plaintiff is as follows:

Application shall be submitted by the owner to the assessor of the taxing district in which such land is situated on or before August 1 of the year immediately preceding the tax year for which such valuation, assessment and taxation are sought. [N.J.S.A. 54:4–23.13]

The construction of the Farmland Assessment Act advanced by plaintiff is contrary to the clear meaning of the act when read in its entirety. In the act the Legislature several times expressly referred to the filing of a farmland assessment application. It did so in the same paragraph of N.J.S.A. 54:4–23.13 relied upon by plaintiff, where the act provides:

An application once filed with the assessor for the ensuing tax year may not be withdrawn by the applicant after August 1 of the pretax year.

In N.J.S.A. 54:4–23.15a the Legislature directed assessors to mail application forms to taxpayers whose land was currently qualified for farmland assessment, "together with a notice that the completed form is required to be filed with the assessor on or before August 1." See, also, N.J.S.A. 54:4–23.13a and 54:4–23.13b. Furthermore, the Director of the Division of Taxation has promulgated administrative regulations to effectuate the purposes of the act, as he was empowered to do by the Legislature. N.J.S.A. 54:4–23.21. In his regulations the Director stated unequivocally that farmland assessment applications must be filed, not merely submitted, by August 1. The applicable regulation is as follows:

In order that land in agricultural or horticultural use may be assessed under the Act for the tax year 1971 and any subsequent tax year, the owner of such land must file an application requesting such assessment with the assessor of the taxing district in which such land is situated on or before August 1 of the pretax year. [N.J.A.C. 18:15–2.1]

This long-standing administrative construction of the Farmland Assessment Act by the Director of the Division of Taxation must be given great weight. *New Jersey Guild of Hearing Aid Dispensers v. Long*, 75 *N.J.* 544, 575 (1978). The Director's construction is especially significant because the Director's construction of local property tax statutes is recognized and applied by tax assessors and county boards of taxation throughout the State. The principle of uniformity is important to the administration of the local property tax system.

This court holds that when the Legislature stated in the Farmland Assessment Act that an application must be "submitted" to the tax assessor on or before August 1, the Legislature meant that the application must be "filed" with the assessor by that date. The mere mailing of an application to an assessor prior to August 1 does not satisfy the requirements of the Act with respect to timeliness. As in other cases considered by the Tax Court, there may be occasions when the statutory filing deadline would be tolled. *Cf. Horrobin v. Director, Division of Taxation*, 172 *N.J.Super.* 173 (Tax Ct.1979); *Prospect Hill Apts. v. Flemington*, 172 *N.J.Super.* 245 (Tax Ct.1979). The case at bar presents no circumstances that warrant such a consideration.

The conclusion of this court that a farmland assessment application must be filed by August 1 does not mandate the granting of defendant's motion for summary judgment. In a motion for summary judgment the role of the court is to determine whether there is a genuine issue of material fact but not to decide the issue if it is found to exist. *Judson v. People's Bank & Trust Co. of Westfield*, 17 *N.J.* 67 (1954). At issue in this case is whether plaintiff's application was filed by August 1, 1974. The parties stipulated that "the tax assessor has no record of receipt" of plaintiff's application by August 1, 1974. There is no stipulation that the application was not filed by that date. Plaintiff submitted an affidavit that its application was mailed on or about July 15, 1974. Although the affidavit is silent as to the sufficiency of postage on the envelope, there

must be a presumption for purposes of this motion that the application was mailed and was received by defendant's tax assessor. *Szczesny v. Vasquez,* 71 *N.J.Super.* 347, 354 (App.Div. 1962). This liberal application of the presumption of receipt is warranted because papers in opposition to a motion for summary judgment are to be "indulgently treated." *Judson v. People's Bank & Trust Co. of Westfield, supra,* 17 *N.J.* at 74–75. Nonetheless, the presumption is only as to receipt of the application and not as to receipt by August 1, 1974. Moreover, the presumption is rebuttable and may be overcome by evidence that the application was never received. *Szczesny v. Vasquez, supra,* 71 *N.J.Super.* at 354. Defendant has filed an affidavit of its assessor that plaintiff's application was never received, but this does not resolve the issue.

The court cannot decide the material issue of whether plaintiff's application was filed by August 1, 1974 upon the basis of conflicting stipulations and affidavits. *Bouley v. Bradley Beach,* 42 *N.J.Super.* 159, 168 (App.Div.1956). The issue must be explored at a plenary hearing. Summary judgment is therefore denied.