LARIO, J. T. C.
This is a farmland assessment appeal involving the timeliness of the filing of an application for farmland assessment for the tax year 1978 which was denied by the Galloway Township assessor as being out of time. Upon appeal to the county board the taxpayers were granted a farmland assessment, resulting in this appeal by the municipality.
Edward J. Petkevis and Catherine Q. Petkevis, his wife, are the owners of a 20-acre tract of land which for several years prior to 1978 was assessed as farmland. In the summer of 1977 the assessor for Galloway Township mailed to defendants an application for renewal of their farmland assessment for the 1978 tax year and in addition she forwarded a news release to the three local newspapers notifying taxpayers who desired to apply for farmland assessments that they were required to file their applications with her office on or before August 1, 1977. These news releases were published in at least two of the contacted newspapers on July 6, 1977 and July 7, 1977 respectively. Defendants did not file their application by August 1, 1977.
On September 7, 1977, Mrs. Petkevis telephoned the assessor relative to her failure to file their application. She was advised by the assessor that although she was out of time, she should file the application and the assessor would receive it subject to her checking to determine whether it could be granted; however, in all probability the application would be rejected as having been filed out of time. Shortly thereafter the application was filed. On October 27, 1977 it was disapproved by the assessor and written notice of disapproval was forwarded to the owners which resulted in the owners’ appeal to the county board of taxation. Subsequent to the tax year under appeal, farmland assessment applications have been timely filed by defendants and have been granted.
Mrs. Petkevis testified that she managed all financial matters for her husband and herself. In prior years she handled the filing of the farmland assessment applications and it was her *88 responsibility to file the application for the tax year 1978. She further stated that in July, 1977, she was pregnant. At that time, by reason of a report concerning her pregnancy received from her physician, she became very frightened and emotionally disturbed. This caused her to become mentally unstable and resulted in her not attending to her business affairs. Because of her condition, she failed to file their farmland application and it was not until she telephoned the assessor on September 7, 1977 that she realized that the application had not been filed. Thereupon she immediately filed the application.
Plaintiff alleges that the requirement contained in N.J.S.A. 54:4-23.6 for a farmland assessment application to be filed on or before August 1 of the pretax year is mandatory and failure to comply therewith bars any relief, citing Hashomer Hatzair, Inc. v. East Windsor Twp., 176 N.J.Super. 250, 1 N.J.Tax 115, 422 A. 2d 808 (1979).
Defendants claim the action of the county board was correct, citing Meixner v. Bridgewater Tp. (Dkt. # L 6796-74, Div. of T. A.-1976). They also claim Hashomer Hatzair, Inc., supra, does not apply and by reason of White v. Violent Crimes Compensation Board, 76 N.J. 368, 388 A.2d 206 (1978), the statutory filing date contained in the Farmland Assessment Act may be tolled “because it is within the substantive class of limitation statutes.” In addition, defendants request that the time period should be relaxed by reason of R. 1:1-2.
Defendants’ reliance on R. 1:1-2 is inappropriate. This rule states that “any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice.” [Emphasis supplied]. The requirement for filing an application for farmland assessment is statutory. R. 1:1-2 applies to court rules and not to statutory limitations. “A court has no power by virtue of this rule [R. 1:1-2] to relax or dispense with a statute of limitations passed by the Legislature and approved by the Governor.” Prospect Hill Apts. v. Flemington, 172 N.J.Super. 245, 247-48,1 N.J.Tax 224, 411 A.2d 737 (Tax Ct.1979).
*89 We must now determine whether, based upon the doctrine contained in White, supra, a court has the power to toll the August 1 filing requirement as contained in the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1, et seq.
Actively devoted farmlands receive special favored tax treatment by reason of an amendment to the New Jersey Constitution which provides therein that such property will be so valued “on application of the owner.” NJ.Const. (1947) Art. VIII, § 1, 1i 1(b). Implementing this amendment, the Legislature adopted the Farmland Assessment Act of 1964, L. 1964, c. 48 § 1, N.J.S.A. 54:4-23.1, et seq., the pertinent portions of which provide:
Land which is actively devoted to agricultural or horticultural use shall be eligible for valuation, assessment and taxation as herein provided when it meets the following qualifications:
(c) Application by the owner of such land for valuation hereunder is submitted on or before August 1 of the year immediately preceding the tax year to the assessor of the taxing district in which such land is situated on the form prescribed by the Director of the Division of Taxation. [N.J.S.A. 54:4-23.6. Emphasis supplied].
Application shall be submitted by the owner to the assessor of the taxing district in which such land is situated on or before August 1 of the year immediately preceding the tax year for which such valuation, assessment and taxation are sought. An application once filed with the assessor for the ensuing tax year may not be withdrawn by the applicant after August 1 of the pretax year. [JV.J. S.A. 54:4-23.13.]
The Legislature further directed the assessor to mail on or before July 1, to each taxpayer whose land has been granted a farmland assessment for the then current year, an application form to claim a continuation of said farmland assessment “... together with a notice that the completed form is required to be filed with the assessor on or before August 1.” N.J.S.A. 54:4-23.15a.
In Hashomer Hatzair, Inc., supra, this court held that “when the Legislature stated in the Farmland Assessment Act that an application must be ‘submitted’ to the tax assessor on or before August 1, the Legislature meant that the application must be ‘filed’ with the assessor by that date.” 176 N.J.Super. at 253, 1 N.J.Tax at 118, 422 A.2d 808.
*90 The question now posed is whether we may toll the limitation date of August 1 as claimed by defendants. White, supra, relied upon by defendants, involved the late filing of a claim under the Criminal Injuries Compensation Act of 1971, N.J.S.A. 52:4B-1, et seq. (Violent Crimes Act) wherein our Supreme Court established the following rule: “We therefore adopt the view that in the case of a statutorily created right, a ‘substantive’ limitation period may appropriately be tolled in a particular set of circumstances if the legislative purpose underlying the statutory scheme will thereby be effectuated.” 76 N.J. at 379, 388 A.2d 206.
In determining whether equitable exceptions to a statute of limitations are to be allowed, the Court in White, supra, adopted the approach previously set forth by the United States Supreme Court:
The basic question to be answered in determining whether, under a given set of facts, a statute of limitations is to be tolled, is one ‘of legislative intent whether the right shall be enforceable . .. after the prescribed time’ [Citations omitted] Classification of such a provision as ‘substantive’ rather than ‘procedural’ does not determine whether or under what circumstances the limitation period may be extended. As this Court has expressly held, the FELA limitation period is not totally inflexible, but, under appropriate circumstances, it may be extended beyond three years. [Citations omitted] These authorities indicate that the basic inquiry is effectuated by tolling the statute of limitations in given circumstances. [76 N.J. at 377,388 A.2d 206, quoting Burnett v. N. Y. Central R. Co., 380 U.S. 424, 426-427, 85 S.Ct. 1050, 1053, 13 L.Ed.2d 941 (1965)]
In White, supra, the Court also quoted with approval a subsequent United States Supreme Court decision which reaffirmed Burnett, supra: “The proper test is not whether a time limitation is ‘substantive’ or ‘procedural,’ but whether tolling the limitation in a given context is consonant with the legislative scheme.... [and] not inconsistent with the legislative purpose.” [76 N.J. at 379, 388 A.2d 206, quoting American Pipe & Const. Co. v. Utah, 414 U.S. 538, 557-59, 94 S.Ct. 756, 768-769, 38 L.Ed. 2d 713, 729 (1947)].
In applying this test, the Court then analyzed the objectives which the Legislature sought to achieve in enacting the Violent Crimes Act and in setting the one year limitation on applications. It concluded that the act was analogous to the Unsatis *91 fied Claim and Judgment Law [U.C. & J.Law], L. 1952, c. 174, as amended, N.J.S.A. 39:6-61, et seq. and the New Jersey Tort Claims Act, L. 1972, c. 45, N.J.S.A. 59:1-1, et seq. [Tort Claims Act]. The court pointed out that both the U.C. & J.Law and the Tort Claims Act specifically provided therein, in certain circumstances, for the tolling of the time limitations set forth in each of them. 76 N.J. at 381, 383, 388 A.2d 206. In determining the objectives of the Legislature in adopting the Violent Crimes Act the court concluded that its purposes were similar to the U.C. & J.Law and the Tort Claims Act in that they were “[legislative attempts to ameliorate the injustice to the victims resulting from a basic shortcoming of the tort liability system.” Id. at 380, 388 A.2d 206. Based thereon the Court concluded: “We perceive no policy underlying the Criminal Injuries Compensation Act which would preclude allowing a toll because of a victim’s crime-induced incapacity. Indeed, the structure and purpose of the Act point toward an opposite conclusion.” Id. at 384, 388 A.2d 206.
Unlike the three legislative acts analyzed by the Court in White, supra, the purposes of the Farmland Assessment Act were not based upon humanitarian policies to “ameliorate the injustice to victims.” Instead its purpose was to grant to farmers a tax incentive to maintain land in an agricultural or horticultural use, thereby restraining overdevelopment and retaining “open spaces.”
The rule requiring strict adherence to time limitations contained in statutes dealing with tax matters has been long established by our courts and this policy has been followed by this Court: “[t]he courts of this State have traditionally required that taxpayers file timely application as well as appeals and that they are barred from relief if they fail to do so.” Horrobin v. Director, 172 N.J.Super. 173,1 N.J.Tax 213, 411 A.2d 479 (Tax Ct. 1979). See also Sun Life Assurance Co. of Canada v. City of Orange, 2 N.J.Tax 25 (Tax Ct.1980); City of Salem v. Salem County Board of Taxation, 1 N.J.Tax 462 (Tax Ct.1980).
*92 The policy of applying strict time limitations to tax matters is based upon the very nature of our administrative tax structure. Municipal budgets must be finalized not later than the 90th day after the beginning of the budget year. N.J.S.A. 54:4-42. Real estate assessments, which constitute the bulk of a municipality’s income, are established as of October 1 of the pretax year. N.J.S.A. 54:4-23. Throughout our tax legislation, it is clear that our Legislature has attempted to set out a well organized time-table for the purpose of enabling a municipality to ascertain the amount of taxable ratables within its jurisdiction in order that it might adopt a responsible and fairly accurate budget.
In White, supra, the Court concluded that there was not any apparent legislative intent to cut off all claims under the Violent Crimes Act after a specified time from the commission of the criminal act which caused injury to the victim; therefore, the judiciary has the equitable power to toll the time limitations contained in that statute. 76 N.J. at 384, 388 A.2d 206. In the Farmland Assessment Act, however, there definitely exists a legislative intent to limit the filing of claims. In enacting laws implementing the farmland constitutional amendment, the Legislature manifested this intention when it directed in N.J.S.A. 54:4-23.13 in clear and unambiguous language that the “Application shall be submitted by the owner to the assessor ... on or before August 1. .. ” This clear intent was supported by including the August 1 deadline in N.J.S.A. 54:4-23.6 and N.J.S.A. 54:4-23.15a, supra.
Unlike the Violent Crimes Act there exists no direct relationship between the purposes of the Farmland Assessment Act and a prospective applicant’s physical or mental condition. There is no suggestion in these statutes under review that an owner’s incapacity to file an application may be reason to toll the limitation period. A statute is to be construed as a whole with reference to the entire system of which it forms a part and effectuated in accordance with what reasonably seems to be the legislative intention, N.J. Realty Ins. Co. v. Div. of T. A., 137 N.J.L. 444, 60 A.2d 265 (Sup.Ct.1948).
*93 The legislative purpose is to be gathered from the language of the statute and courts cannot arbitrarily expand its scope; and where the words of a statute are clear and their meaning and application plain and unambiguous, there is no room for judicial construction. White v. State Board of Tax Appeals, 123 N.J.L. 350, 8 A.2d 819 (Sup.Ct.1939).
Since the statutes requiring filing of farmland assessment application by August 1 of the pretax year are not ambiguous and they reflect a clear intention that the filing date contained therein be complied with, the legislative purposes would not be fulfilled by permitting the tolling of the time limitations contained therein. Strict compliance is consonant with the legislative scheme. Therefore, the word “shall” as used within N.J.S.A. 54:4-23.13 is construed to mean “must.”[1] The filing deadline contained therein of August 1 of the pretax year is mandatory and it may not be tolled.[2]
Since the application in the instant case was filed after August 1, 1977 the denial of a farmland assessment for the tax year 1978 was correct.
The case of Meixner v. Bridgewater Tp., supra, cited by defendants to support their position as holding to the contrary, is an unreported Division of Tax Appeals case which involved *94 facts not present in the instant appeal; however, wherein said decision appears to be contrary to the conclusions contained herein, it is to be disregarded.
The county board judgment granting defendants a farmland assessment for the tax year 1978 is reversed and the original assessment is restored as follows:
Land: $16,100
Improvements: $21,000
Total: $42,200

it is to be noted that the Director, Division of Taxation, who has the responsibility to prescribe the form of application (N.J.S.A. 54:4 23.6(c) and N.J.S.A. 54:4-23.14) and to promulgate rules and regulations to effectuate the purpose of the Farmland Act (N.J.S.A. 54:4 23.21) has also construed the Legislature’s intention that the application be filed by August 1 of pretax year to be mandatory by his adoption of N.J.A.C. 18:15-2.1 which states:
In order that land in agricultural or horticultural use may be assessed under the tax year 1971 and any subsequent tax year, the owner of such land must file an application requesting such assessment with the assessor of the taxing district in which such land is situated on or before August 1 of the pretax year. [Emphasis supplied].

Unlike a claim for injuries as envisioned by the Violent Crimes Act, an owner who fails to secure a farmland assessment by reason of failure to file by August 1, is not barred from applying for and receiving a farmland assessment in subsequent years as was done by defendants in the instant case.