LARIO, J. T. C.
Galloway Township appeals from a judgment entered by the county board of taxation reducing the taxpayers’ improvement assessment for the tax year 1976 by reason of its destruction by fire.
The premises were originally assessed, land — $3,200, improvements — $11,600, for a total of $14,800. On July 7, 1976 the improvements were almost totally destroyed by fire, leaving only the foundation and garage valued at approximately $1,000. Upon appeal by the taxpayers, the county tax board reduced the improvement assessment by prorating it as of the date of the fire, arriving at a new improvement assessment of $6,800, resulting in the township’s appeal.
The parties do not dispute the valuation of either the original assessment or the prorated computation as found by the county tax board. The sole issue presented is whether the taxpayers are entitled to any reduction in the assessment on their improvements whose value was reduced when damaged by fire which occurred in the middle of the tax year.
The power of taxation is a vital attribute of government and is vested in the State Legislature. Salomon v. Jersey City, 12 N.J. 379, 383, 97 A.2d 405 (1953). Our Legislature has mandated that assessments on real estate in New Jersey be levied by authority of N.J.S.A. 54:4-23 which provides in pertinent part:
All real property shall be assessed to the person owning the same on October 1 in each year. The assessor shall ascertain the names of the owners of all real property situate in his taxing district, and after examination and inquiry, *361 determine the full and fair value of each parcel of real property situate in the taxing district at such price as, in his judgment, it would sell for at a fair and bona fide sale by private contract on October 1 next preceding the date on which the assessor shall complete his assessments, as hereinafter required. [Emphasis supplied]
Assessors are required to complete their assessments by January 10 of the following year by virtue of N.J.S.A. 54:4-35, which states: “The assessor shall determine his taxable valuations of real property as of October 1 in each year and shall complete the preparation of his assessment list by January 10 following... . ”
Our Supreme Court interpreted § 23, supra, in New Jersey Bell Tel. Co. v. Newark, 118 N.J.L. 490, 193 A. 844 (Sup.Ct.1943), wherein it held:
... the valuation for taxation should be on the price which the assessor believes could be obtained for the property in money, at a fair sale, as of the first day of October of the year in which the assessment was made, between a willing seller and a willing buyer; that is, one not obliged to sell dealing with one not obliged to buy. [at 494; emphasis supplied]
The above-cited statutes clearly establish that real property is to be valued as of October 1 of the pretax year. Where the words of a statute are clear and their meaning and application plain and unambiguous, there is no room for judicial construction, White v. State Bd. of Tax App., 123 N.J.L. 350, 353, 8 A.2d 819 (Sup.Ct.1939), and courts cannot arbitrarily expand their scope. Galloway Tp. v. Petkevis, 2 N.J.Tax 85, at 92-93 (Tax Ct.1980).
The Legislature further provided that annual real estate taxes become a lien on the property as of the first day of the tax year, N.J.S.A. 54:5-6; however, they are payable in four separate installments during the tax year. N.J.S.A. 54:4-66. We must determine, where once the value and assessment of the property has been established, whether there is any authority to reduce its assessment by reason of its reduction in value caused by a casualty loss occurring during the tax year. The Legislature has granted relief to taxpayers whose real property improvements have
*362 ... been destroyed, consumed by fire, demolished, or altered in such a way that its value has materially depreciated, either intentionally or by action of a storm, fire, cyclone, tornado, or earthquake, or other casualty, which depreciation of value occurred after October first in any year and before January first of the following year . .. [N.J.S.A. 54:4-35.1; emphasis supplied]
By the adoption of N.J.S.A. 54:4-35.1 the Legislature has acknowledged that real property is to be valued as it exists on October 1 of the pretax year and it has limited the time period for reducing this value by reason of any material depreciation of the property to prior to January 1 of the tax year. However, the Legislature has not extended this time period for the reduction of assessments by reason of a property’s devaluation after January 1 of the tax year.
Legislative history is supportive of the above conclusion. As a result of a devastating storm that struck the eastern shores of this State in March 1962, many seashore homes were severely destroyed or damaged with some properties totally washed out to sea. Since there was no existing statutory relief from the payment of taxes for the balance of the tax year on those improvements damaged or destroyed, Senate Bill 226 (1962)[1], was introduced in the New Jersey Senate to amend N.J.S.A. 54:4-35.1, supra, whereby the assessment of improvements destroyed between October 1, 1961 and prior to April 1, 1962, would be reduced by the amount of the value depreciated. By reason of objections raised by municipalities that they possibly could not cope with the financial losses caused by a reduction in their tax collections, a companion bill[2] was introduced in the Senate which provided that municipalities would receive State aid for losses of tax revenues sustained from the proposed adoption of Senate Bill 226.
Senate Bill 226 was passed by the Senate on April 16,1962. It was received in the Assembly where it was referred to the *363 Appropriations Committee; however, it was never reported out of the committee and no further action was taken thereon. Thereafter the Legislature, although presumptively aware of the problem, has not adopted any legislation to provide relief to a taxpayer where his structure was materially depreciated in value by reason of fire or other catastrophe after January 1 of the tax year.
The court is aware of the seeming inequity of requiring a taxpayer to pay taxes on an improvement that has been destroyed; however, this is a policy matter to be resolved by the Legislature. Subject to constitutional restraints, the Legislature is supreme in its exclusive field of taxation. Jersey City v. State Bd. of Tax App., 133 N.J.L. 202, 205, 43 A.2d 799 (Sup.Ct. 1945).
In the imposition of real estate taxes the Legislature has adopted a policy that real property existing on the statutory assessing date, October 1 of the pretax year, is taxable for the corresponding tax year, although removed or destroyed subsequent to the beginning of the tax year.
The Legislature has adopted a similar policy concerning the assessment of tangible personal property used in business, N.J. S.A. 54:4 11, wherein it mandates the assessment date to be January 1 of the pretax years. This policy as applied to personal property taxation was construed by our courts as not being unconstitutional. In Bayonne v. International Nickel Co., Inc., 104 N.J.Super. 45, 248 A.2d 547 (App.Div.1968), personal property which was in existence in Bayonne on January 1, 1964 was removed from the State of New Jersey prior to the end of 1964. Bayonne taxed the property for the tax year 1965. In upholding the tax, Judge Conford, speaking for the Appellate Division, stated:
.. . [T]he legislative intention is that the property found in the taxing district on the statutory assessing date is taxable therein for the corresponding tax year, although removed therefrom subsequent to the assessing date. Our tax statutes, *364 as thus construed, do not offend due process even where the removal antedates the so-called tax year, [at 47, 248 A.2d 547]
Adding further clarification, Judge Conford noted that
... [N]ew Jersey statutes have for a long time fixed assessing dates which antedated the commencement of the tax year. Until 1960, as noted above, October 1 of the prior year was designated the assessing date for both real and personal property, R.S. 54:4-1, and the date was moved back in 1960 to January 1 of the prior year for tangible personal property used in business. See above. A reasonable time interval between assessing date and tax year has obvious justification, [at 56, 248 A.2d 547]
The court then itemized the various statutory time limits relative to the administration of real and personal property taxation[3] concluding (at 57, 248 A.2d 547) that our statutory scheme is not “vulnerable on due process grounds.”
By its specific refusal in 1962 to adopt legislation providing tax relief to those owners whose property was materially destroyed in March 1962, and thereafter failing to address this problem, the Legislature has clearly and unequivocably mandated that the requirement as set forth in N.J.S.A. 54:4-23 is to remain. Since the wording and interpretation of this statute are clear and unambiguous, our courts are bound thereby and we must enforce the legislative will as written. Hoffman v. Hock, 8 N.J. 397, 406, 86 A.2d 121 (1952); Dacunzo v. Edgye, 19 N.J. 443, 451, 117 A.2d 508 (1955). If any relief is to be granted to persons in defendants’ position, it must come from the Legislature and not from the Courts.
Since the improvements were not destroyed prior to January 1, 1976, the total assessment based upon the value as of October 1,1975 must remain in effect for the full tax year of 1976. The judgment of the county board of taxation is reversed and the original improvement assessment of $11,600 is restored.

Senate 226 was introduced March 26, 1962 by Senators Sandman and Grossi.

Senate Bill 295 was introduced May 7, 1962 by Senator Sandman.

For a thorough discussion of statutory taxation time limitation and the basis for real properties remaining liable for taxes for the full calendar year despite a change in its ownership, value or use, see East Orange v. Palmer, 47 N.J. 307, 220 A.2d 679 (1966), wherein our Supreme Court held that tax exemption of state and highway authorities does not take effect as of the moment of acquisition of real property for highway purposes but instead liability for local real estate taxes remains for the balance of tax year.