LASSER, J.T.C.
Defendant Washington Borough (taxing district) has moved to dismiss the complaints of East Washington Realty and West Washington Realty (taxpayers) for untimely filing, for nonpayment of taxes and because the Correction of Errors statute, N.J.S.A 54:51A-7, relied on by taxpayers is inapplicable. The motion was submitted to the court on the papers pursuant to R.. 1:6-2.
Taxpayers filed complaints directly with the Tax Court on July 18, 1994 and October 12, 1994 seeking to correct alleged errors in local property tax assessments for the years 1991, 1992 and 1993. Taxpayers did not file complaints each year to the Warren County Board of Taxation contesting the assessments for the subject years.
The subject complaints contest the following 1991, 1992 and 1993 assessments:
EAST WASHINGTON REALTY
BLOCK 68, Lot 2 Land $75,600 BLOCK 68.01, Lot 1 $254,400
Imprvmts. 4,300 342,700
Total $79,900 $597,100
WEST WASHINGTON REALTY
BLOCK 67, Lot 1 BLOCK 67, Lot 2 BLOCK 66, Lot 5
Land $ 93,600 $ 81,600 $110,400
Imprvmts. 374,000 41,000 126,900
Total $467,600 $122,600 $237,300
The assessments for the tax year 1994 were as follows:
*549 EAST WASHINGTON REALTY
BLOCK 68, Lot 2 BLOCK 68.01, Lot 1
Land $75,600 $254,400
Imprvmts. 4,300 25,000
Total ' $79,900 $279,400
WEST WASHINGTON REALTY
BLOCK 67, Lot 1 BLOCK 67, Lot 2 BLOCK 66, Lot 5
Land , $ 93,600 $ 81,600 $55,200
Imprvmts. 10,000 41,000 25,000
Total $103,600 $122,600 $80,200
Taxpayers contend that “in or about October 1991” a major fire occurred, which, it is alleged, adversely affected the value of all five properties. Taxpayers allege that the tax assessor was immediately put on notice of the fire and the ultimate destruction of the main building. Taxpayers allege that the tax assessor discouraged a representative of taxpayers from contesting the assessments denying them the opportunity to file timely appeals with the Warren County Board of Taxation.
Taxpayers allege that the assessments for the years 1991, 1992 and 1993 should be corrected due to the tax assessor’s error in failing to reduce the assessments after the fire and due to interference by the tax assessor with the taxpayers’ right to make a timely appeal to the Warren County Board of Taxation. Taxpayers contend that the assessor’s dissuading a representative from filing returns to the county tax board violated taxpayers’ due process rights under the Fourteenth Amendment of the United States Constitution.
The subject property was used as an automobile dealership. The principal structure housed the main showroom, service area, parts department and a garage. Another building served as an additional garage and a third building, although physically separate, served as an extension of the principal structure. Taxpayers allege that the fire prevented the continuing commercial use of the property and thereafter the remaining garage on Block 66, Lot 5 was damaged and rendered unusable by vandals.
*550 The affidavit of Thomas Ciasulli, a principal of taxpayers, is vague as to details. It states that the fire occurred “in or about October 1991,” that the tax assessor was “immediately put on notice of the fire,” that “within a short time after the fire, I requested an appeal of the Warren County Board of Taxation through the tax assessor,” and that the tax assessor stated that taxpayers were barred from making an appeal until all taxes in arrears were paid. The Ciasulli affidavit states that taxpayers did not contest the taxes by filing an appeal to the county board of taxation because “at no time did Ms. Haun direct, or in anyway suggest that the taxpayer follow any procedure with regard to the appeals process, and in fact, openly dissuaded me from doing so.”
In her certification Ms. Haun, the tax assessor of the taxing district, states that:
1. The owner of this property never notified me, as required by N.J.S.A. 54:4-35.1 that there had been a fire on the premises which could have materially depreciated the value of the property for local property tax assessment purposes.
2. When I first learned that there had been a fire at this property I went to the site. I was told by the person who appeared to be in charge of the property to leave the property before I could inspect it. I asked for information about any damage to the property. I received no such information at that time, nor have I received any such information since.
3. The first written report I had regarding any portion of this property was a copy of a construction permit dated July 1, 1993 regarding Block 67, Lot 1, showing that there would be a partial demolition of the improvements on the property---- I changed the 1994 assessment for the property to take into account the changes suggested on the construction permit.
4. I believe at some point in 1993, I received a notice from Baldinger & Levine, P.C., attorneys for the Taxpayer in this case. They requested only the name of the owner of the subject property. I responded to this inquiry.
5. I never told Timothy Ciasulli or any other person affiliated with plaintiff that an appeal could not be filed with the Warren County Board of Taxation, as Mr. Ciasulli states in paragraph l(v) of his affidavit.
The tax collector of the taxing district in her affidavit states that there are outstanding tax title lien certificates for Block 66, Lot 5, Block 67, Lot 1, Block 67, Lot 2, Block 68.01, Lot 1, and Block 68, Lot 2. There were unpaid taxes for the first four of these lots for all years subsequent to 1992.
*551 Taxing district contends that taxpayer is barred from contesting the tax assessments for 1991,1992 and 1998 because as of July 18, 1994, the date that the West Washington Realty complaint was filed, and as of October 12, 1994, the date that the East Washington Realty complaint was filed, there were unpaid taxes, and that pursuant to N.J.SA 54:3-27, an appeal to contest the assessments may not be maintained. Taxing district also contends that the time period within which an appeal contesting the 1991, 1992 and 1993 assessments could be filed expired on August 15, 1991, April 1, 1992 and April 1, 1993, respectively.[1] Taxing district contends that any change in value resulting from a fire occurring in October 1991 could be corrected only by filing a timely petition of appeal to the Warren County Board of Taxation and that the subject, complaints filed under the Correction of Errors statute do not vest jurisdiction in the Tax Court to change the subject assessments.
With respect to the contention that the assessor made a mistake correctable under the Correction of Errors statute by not decreasing the value of the subject property following the fire, I conclude that the allegations in the complaints relate to matters of valuation involving an assessor’s opinion or judgment and therefore the Correction of Errors statute does not apply.
First, as to the year 1991, there is a specific statute that addresses destruction by fire. N.J.SA 54:4-35.1 provides:
When any parcel of real property contains any building or other structure which has been destroyed, consumed by fire, demolished, or altered in such a way that its value has materially depreciated, either intentionally or by the action of storm, fire, cyclone, tornado or earthquake, or other casualty, which depredation of value occurred after October first in any year and before January first of the following year, the assessor shall, upon notice thereof being given to him by the property owner prior to January tenth of said year, and after examination and inquiry, determine the value of such parcel of real property as of said January first, and assess the same according to such value.
*552 Under the statutory scheme property is assessed at its true value as of October 1 of the pre-tax year. Therefore, a building destroyed by fire during the tax year is not entitled to a reduction in assessment during the tax year. Galloway Tp. v. Dorflinger, 2 N.J.Tax 358 (Tax 1981). Under the foregoing statute, if destruction occurs after October 1 of the pre-tax year and if the assessor receives notice of the destruction prior to January 10 of the tax year, the assessor is required to reflect the reduced value of the property in the subsequent year, in this case the 1992 tax year. Therefore, taxpayer under the statutory scheme is not entitled to a reduction in assessment for the year 1991.
If the fire occurred after October 1, 1991 and if the owner had given notice to the assessor on or before January 10, 1992, the statute would have required the assessor to determine the value of the property as it existed on January 1, 1992 for the 1992 assessment. There is no evidence of the specific date that the fire occurred and no specific evidence that notice was given to the assessor on or before January 10, 1992. The assessor’s certification states that the owner never notified the assessor as required by § 35.1 of the statute. The Ciasulli affidavit gives no specific date or details concerning taxpayers’ notice under this statute. Further, when she learned about the fire, the assessor sought information about damage to the property which, according to her certification, was never received. The first written report concerning the property that the assessor stated she received was the construction permit dated July 1, 1993, which was after the 1992 and 1993 assessments had been placed on the tax records.
Taxpayers could have filed an appeal to the county tax board on or before April 1, 1992 regarding the 1992 assessments and could have filed an appeal to the county tax board on .or before April 1, 1993 regarding the 1993 assessments. Neither of these appeals were filed. It was not until July 18, 1994 and October 12, 1994 that the subject assessments were contested by filing complaints with the Tax Court, more than two years after the 1992 filing *553 deadline and more than one year after the 1993 county tax board filing deadline.
The Tax Court has jurisdiction under the Correction of Errors statute to grant relief where the complainant has not utilized the regular annual assessment appeal process if the following conditions have been met:
1. The complaint must be filed no later than December 31 of the third tax year following the tax year in which the error is alleged to have occurred;
2. The error complained of must be a typographical error, an error in transposing or a mistake in tax assessment, and
3. The error complained of must not relate to matters of valuation involving an assessor’s opinion or judgment. N.J.S.A 54:51A-7.
The Correction of Errors statute has been the subject of considerable litigation, particularly concerning the type of error addressable under this statute. Opinions of the Tax Court, the Appellate Division of the Superior Court and the Supreme Court have limited errors cognizable under this statute to those which can be defined as either clerical, administrative, mathematical or mechanical. The most recent decision on the subject by the New Jersey Supreme Court, Hovbilt, Inc. v. Howell Tp., 138 N.J. 598, 651 A.2d 77 (1994), defined mistakes in assessments that may be corrected by the Tax Court. The Court stated:
Accordingly, we hold that mistakes in assessments that are indisputable, and cannot plausibly be explained on the basis of an exercise of judgment or discretion by the assessor or his or her staff, are within the category of mistakes that can be corrected under the statute. Based on our characterization of the category of mistaken but correctable assessments, we hold further that the correct assessment must readily be inferable or subject to ready calculation on the basis of the assessment mistake for which the correction is authorized.
lid. at 618-619, 651 A2d 77.]
In Hovbilt the Court considered the township’s misplacement and failure to act on Hovbilt’s application for farmland assessment and determined that the failure to assess as farmland could not be remedied under the Correction of Errors statute. Hovbilt failed to file an appeal with the Monmouth County Board of Taxation by August 15, 1991. The relief sought by Hovbilt was a remand to the tax assessor to determine its entitlement to farmland assessment and if appropriate, the amount of its reduced assessment. The Supreme Court found that Hovbilt had not established the *554 existence of an indisputable mistake in its tax assessment or that the relief sought was readily inferable or subject to ready calculation.
In the subject case, taxpayers contest the valuation of the property as of October 1,1991 for the 1992 year and as of October 1,1992 for the 1993 year. The proper assessment of the property, taking into consideration the extent of the fire damage, is a valuation question based on the physical and economic condition of the property as it existed on those dates and is thus a matter of judgment to be exercised by the assessor. The Hovbilt Court, faced with the question of determining whether the property is to be assessed as farmland and, if so, the value of the land, stated, “Because those questions may themselves result in dispute and future litigation, we cannot conclude that the ‘mistake in tax assessment’ and the appropriate relief therefor are subjects of sufficient certainty to justify relief under the abbreviated and extraordinary procedures authorized by the Correction of Errors státute.” Id. at 622, 651 A2d 77.
The Supreme Court concluded that the misplacement of Hovbilt’s application for farmland assessment should have been addressed through the standard tax appeal procedure.
I conclude that if there is a mistake in the assessments for the years 1992 and 1993 in one or more of the five separate assessments which are the subject of the complaints in this case, the mistake, if any, is a matter of valuation involving an assessor’s opinion or judgment, and is not correctable under the abbreviated and extraordinary procedures authorized by the Correction of Errors statute.
Mr. Ciasulli states that he was dissuaded from filing appeals to the Warren County Board of Taxation. The assessor denies this. I find it unreasonable that taxpayers’ principals, apparently sophisticated business people, would refrain from contesting the assessments to the Warren County Board of Taxation solely because the assessor told Mr. Ciasulli not to. It may well have been that taxpayers did not file appeals to the county board *555 of taxation because substantial unpaid taxes would have barred an appeal. In any event, even if the assessor’s statements to Mr. Ciasulli indicated that appeals would be unsuccessful because taxes had not been paid, I do not find a violation of the due process clause because taxpayers were not prevented from filing appeals with the Warren County Board of Taxation.
By reason of the foregoing, I do not find it necessary to decide the issue raised by the defendant with respect to nonpayment of taxes.
Defendant’s motion is granted. The complaints will be dismissed.

 The August 15 filing deadline was changed to April 1 effective January 1, 1992. L. 1991, c. 75, § 28.