PER CURIAM.
These appeals from a Tax Court judgment dismissing complaints filed under the Correction of Errors statute, N.J.S.A 54:51A-7, were submitted to us back to back by plaintiff taxpayers *707 East Washington Realty and West Washington Realty. As the legal issues are identical, we will address both appeals in a single opinion.
Plaintiffs’ complaints, filed in 1994, asserted that defendant Washington Borough, by its tax assessor, erred in failing to reduce their assessments for tax years 1991, 1992, and 1993, although on notice of a major fire in or about October 1991, which resulted in the destruction of a main building, loss of commercial usability, and other negative impacts upon value of the properties. The complaints also asserted that the tax assessor interfered with plaintiffs’ filing of tax appeals, amounting to a deprivation of constitutional rights.
On appeal from the judgment of dismissal, plaintiffs essentially reassert these arguments. Plaintiffs also urge that the Tax Court judge improperly undertook to resolve two factual issues: (1) that the asserted “error” was based upon the assessor’s judgment, and (2) that plaintiffs were not prevented from making timely challenges to the assessments.
We have studied the arguments in light of the record. In our view, all issues of law raised are clearly without merit. R. 2:11— 3(e)(1)(E). The judgment of dismissal is affirmed, substantially for the reasons set forth in Judge Lasser’s opinion, which appears at 14 N.J.Tax 560 (Tax Ct.1995).
We add, as to the argument that the motion judge undertook to resolve issues of fact, no genuine material issues of fact were present in the sense contemplated by Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 666 A.2d 146 (1995). Even if the tax assessor had in fact told plaintiffs, correctly or incorrectly, that their appeals would be unsuccessful because they failed to pay their taxes, it would not have been material.
Doctrines of estoppel are not applied against the State and its counties and municipal corporations to the same extent as they are against individuals and private corporations. Collection of taxes is a governmental function in the performance of which a city may not be bound or estopped by unauthorized acts of its officers.
[City of Bayonne v. Murphy & Perrett Co., 7 N.J. 298, 811, 81 A.2d 485 (1951).]
*708 Plaintiffs made no showing that any official statement or pronouncement was involved. See Airwork Serv. Div. v. Director, Div. of Taxation, 97 N.J. 290, 297 478 A.2d 729 (1984), cert. denied, 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278 (1985). Cf. Passaic County Utils. Auth. v. DiBella Sanitation Serv., 272 N.J.Super. 238, 243-44, 639 A.2d 745 (App.Div.1994). Moreover, N.J.S.A 54:3-27 generally requires payment of assessed taxes as a condition to filing a tax appeal.
The Tax Court’s characterization of the assessments as matters of valuation involving an assessor’s opinion or judgment was warranted based upon the assessor’s uncontested certification that she visited the property immediately after the fire. Every assessment is required to be based upon the assessor’s “examination and inquiry.” N.J.S.A. 54:4-23. Incorrect exercise of the assessor’s duty is remediable by timely appeal. This two-edged jurisdictional sword has been used against taxing districts as readily as against taxpayers. See, e.g., Glenpointe Assocs. v. Township of Teaneck, 12 N.J. Tax 127 (App.Div.1991).
As Judge Lasser rightly observed, the Supreme Court has interpreted the Correction of Errors statute to be unavailable unless the correct assessment is “readily inferable or subject to ready calculation.” 14 N.J.Tax at 568 (discussing Hovbilt, Inc. v. Township of Howell, 138 N.J. 598, 618-19, 651 A.2d 77 (1994)). Here, an exercise of judgment would have been required to calculate a modified assessment.
Affirmed.