KUSKIN, J.T.C.
In this matter defendant moves for summary judgment dismissing plaintiffs claim for assessment under the Farmland Assessment Act, N.J.S.A. 54:4-23.1 to -23.23 (the “Act”), on the grounds that plaintiff failed to file farmland assessment applications for the two years preceding each of the years for which plaintiff seeks such assessment. In a bench opinion rendered on December 21, 2001,1 held that the only application the Act requires to be filed is an application for the year for which taxpayer seeks farmland assessment. Consequently, I denied defendant’s motion and granted plaintiffs motion for summary judgment. This opinion amplifies and refines my bench opinion.
Plaintiff applied for farmland assessment for tax years 2000 and 2001 for its property in Ringwood designated on the Borough Tax Map as Block 101, Lot 26. Defendant’s assessor denied the applications, and these appeals followed. Defendant acknowledges that, for the years under appeal, the only basis for.denying *31 farmland assessment was plaintiffs failure to file farmland assessment applications for both of the two years preceding each year under appeal (hereinafter referred to as the “pre-qualifying years”). Defendant contends that, because land can qualify for farmland assessment only if it has been actively devoted to agricultural or horticultural use “for at least the 2 successive years immediately preceding the tax year for which valuation under [the Act] is requested,” N.J.S.A. 54:4-23.6(a), a taxpayer must file an application for farmland assessment for each of the pre-qualifying years, in addition to filing for the year for which the taxpayer seeks farmland assessment.
Defendant describes the purpose of filing for the pre-qualifying years as providing notice to the assessor that the taxpayer will seek farmland assessment for the third year, thereby enabling the assessor to inspect the property during the pre-qualifying years and determine whether the property is devoted to agricultural or horticultural use. Defendant asserts that, without the ability to make these inspections, the tax assessor is placed in a very difficult position in trying to determine whether a property qualifies for farmland assessment in the third year. Defendant argues, therefore, that filing an application only for the year for which the taxpayer seeks farmland assessment is insufficient, because, by that time, it is virtually impossible for the assessor to determine with any reliability whether the taxpayer satisfied the requirements of the Act for agricultural or horticultural use during two pre-qualifying years.
Plaintiff acknowledges that defendant’s argument may have some merit in terms of assessment administration, but asserts that the Act contains no requirement that an application be filed for the pre-qualifying years in order to qualify for farmland assessment in the third year.
The contentions of the parties can be resolved under the following provisions of the Act. In order to qualify for farmland assessment, property must be actively devoted to agricultural or horticultural use “for at least the 2 successive years immediately preceding the tax year in issue.” N.J.S.A. 54:4-23.2. Active *32 devotion includes satisfying certain income requirements which vary depending upon the type of the agricultural or horticultural activity. N.J.S.A. 54:4-23.5. Under paragraph (a) of N.J.S.A. 54:4-23.6, property must be actively devoted to agricultural or horticultural use “for at least the 2 successive years immediately preceding the tax year for which valuation under this act is requested.” In Paragraph (c), this statute requires that “Application by the owner of such land for valuation hereunder [be] submitted on or before August 1 of the year immediately preceding the tax year to the assessor of the taxing district in which such land is situated.” Paragraph (d) permits the assessor, under certain circumstances, to grant an extension of the filing date on the condition that the extension shall “terminate no later than September 1 of the year immediately preceding the tax year.” Finally, N.J.S.A. 54:4-23.13 provides, in relevant part, as follows: “[eligibility of land for valuation, assessment and taxation under this act shall be determined for each year separately. Application shall be submitted by the owner to the assessor of the taxing district in which such land is situated on or before August 1 or September 1, if an extension of time has been granted by the assessor ..., of the year immediately preceding the tax year for which such valuation, assessment and taxation are sought.”
None of the foregoing statutes, or any other provision of the Act, requires a taxpayer to file an application relating to the prequalifying years. Indeed, the statutes expressly require that an application be filed only for the year for which the taxpayer seeks farmland assessment. Specifically, paragraph (a) of N.J.S.A. 54:4-23.6, as quoted above, requires active devotion “for at least the 2 successive years immediately preceding the tax year for which valuation under this act is requested.” Paragraphs (c) and (d) refer to filing an application by August 1 of the year immediately preceding “the tax year.” The phrase “the tax year” as used in Paragraphs (c) and (d) refers to “the tax year for which valuation under this act is requested” under paragraph (a). This interpretation is confirmed by the language quoted above from N.J.S.A 54:4-23.13 which mandates that an application shall be submitted by the owner on or before August 1 or September 1 “of *33 the year immediately preceding the tax year for which such valuation, assessment and taxation are sought.”
Regulations of the Division of Taxation and the Handbook for New Jersey Assessors issued by the Division contain provisions consistent with the foregoing statutory interpretation. The Regulations require filing of an application for farmland assessment “on or before August 1 of the pre-tax year.” N.J.A.C. 18:15-2.1 and - 3.3. “Pre-tax year” is defined as “the calendar year immediately preceding the ‘tax year,’ ” and “tax year” is defined as “the calendar year in which the local property tax is due and payable.” N.J.A.C. 18:15-11. The Regulations contain the following example which illustrates the relationship between the filing requirement for the tax year in question and the requirement for active devotion to agricultural or horticultural use for the two prequalifying years.
1. Example: Where application for farmland assessment is made for the tax year 1997, the land must have been actively devoted to agricultural or horticultural use during the entire period of the calendar years 1995 and 1996.
[.N.J.A.C. 18:15-3.1.]
The Handbook for New Jersey Assessors states that a farmland assessment application (Form FA-1) must be filed “on or before August 1 of the year preceding the year in which Farmland Assessment is sought.” Local Property and Public Utility Branch, Division of Taxation-Department of the Treasury, State of New Jersey, Handbook for N&w Jersey Assessors § 504.32 (1989). Neither the Regulations nor the Handbook contains any requirement, or reference to any requirement, that a farmland assessment application be filed for either of the pre-qualifying years.
Research has failed to disclose any reported decision discussing the issue before me. However, two decisions involving the filing requirement under the Act in other factual contexts have focused on filing for the tax year under appeal. Thus, in Galloway Tp. v. Petkevis, 2 N.J.Tax 85 (Tax 1980), the court stated:
“Since the statutes requiring filing of farmland assessment application by August 1 of the pretax year are not ambiguous and they reflect a clear intention that the filing date contained therein be complied with, the legislative purposes would not be fulfilled by permitting the tolling of the time limitations contained therein. Strict compliance is consonant with the legislative scheme. Therefore, the word *34 “shall” as used within N.J.S.A. 54:4-23.13 is construed to mean “must.” The filing deadline contained therein of August 1 of the pretax year is mandatory and it may not be tolled.”
[Id. at 93 (footnote omitted).]
A similar conclusion was reached in Rubenstein v. Upper Pittsgrove Tp., 12 N.J.Tax 494, 498-99 (Tax 1991).
Based on the preceding discussion, I conclude that the statutory requirement for filing a farmland assessment application relates only to the year for which a taxpayer seeks farmland assessment, and no application need be filed for either of the two prequalifying years. I recognize that the absence of farmland assessment applications for the pre-qualifying years may create administrative difficulties for the assessor in verifying the use of the land for those years. However, the taxpayer has the burden of establishing compliance with the requirements of the Act, including those relating to the pre-qualifying years. Wishnick v. Upper Freehold Tp., 15 N.J.Tax 597, 606 (Tax 1996). See also N.J.A.C. Í8:15 — 3.5 (authorizing the assessor to “require the submission of such additional proof as [the assessor] deems necessary to establish the right of an applicant to farmland assessment”). If the taxpayer fails to satisfy its burden, the assessor may deny farmland assessment.
The factual stipulations of the parties demonstrate that, based on the preceding ruling, plaintiff satisfied the requirements of the Act for tax years 2000 and 2001. Accordingly, plaintiffs motion for summary judgment is granted, and defendant’s motion is denied.