NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

```
-------------------------------------------------------x
RE SO LANDCO LLC,                        :
                                         :   TAX COURT OF NEW JERSEY
             Plaintiff,                  :   DOCKET NO:   000026-2020
                                         :
       v.                                :
                                         :
TOWNSHIP OF WEST DEPTFORD,               :
                                         :
             Defendant.                  :
                                         :
-------------------------------------------------------x
```

Decided March 14, 2025.

Daniel J. Pollak for plaintiff (Brach Eichler, LLC, attorneys).

Kevin P. McCann for defendant (Chance & McCann, LLC, attorneys).

CIMINO, J.T.C.

The parties disagree as to the application process for farmland assessment eligibility. The taxpayer, Re So Landco, asserts an application is necessary for only the year farmland assessment is sought. The Township of West Deptford asserts applications are also needed for the two prior years. The court determines the plainly written words of the Legislature only require an application for the year farmland assessment is sought.

Taxpayer filed for summary judgment. Summary judgment is appropriate when the material facts are not in dispute. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 537 (1995). The township can defeat summary judgment by "setting forth specific facts showing that there is a genuine issue for trial." G.D. v. Kenny, 205 N.J. 275, 304 (2011) (quoting R. 4:46-5(a)).

However, the parties have stipulated to the material facts. Lot 35.03 of Block 350.04 in the Township of West Deptford consists of 198.34 acres. Of this total, 163.89 acres is "actively devoted to agricultural use under the Farmland Act, N.J.S.A. 54:4-23.2, et seq. ("Act") in the years 2015-2023." Stipulation of Facts ¶ 7.

The township assessed the property as farmland for the 2015 through 2018 tax years despite the failure of taxpayer to submit applications for farmland assessment. For 2019, the taxpayer did not apply, and the township did not qualify the property for farmland assessment.

The taxpayer timely filed a 2020 application on July 31, 2019. However, the township did not qualify the property for farmland assessment for the 2020 tax year. The taxpayer submitted timely applications for the 2021 through 2023 tax years. The township assessed the property as qualified for farmland assessment for these subsequent years.

The Uniformity Clause of the New Jersey Constitution generally provides that "real property . . . shall be assessed according to the same standard of value . . . ." N.J. Const. art. VIII, § 1, ¶ 1(a). An exception to the Uniformity Clause for eligible farmland provides:

> The Legislature shall enact laws to provide that the value of land, not less than 5 acres in area, which is determined by the assessing officer of the taxing jurisdiction to be actively devoted to agricultural or horticultural use and to have been so devoted for at least the 2 successive years immediately preceding the tax year in issue, shall, for local tax purposes, on application of the owner, be that value which such land has for agricultural or horticultural use.
>
> [Id. at ¶ 1(b). See also N.J.S.A. 54:4-23.2.]

The Legislature implements this constitutional mandate through a step-by-step eligibility process. The general steps for this process follow. The first step requires agricultural or horticultural use. "Land shall be deemed to be in agricultural use when devoted to the production for sale of plants and animals useful to man . . . ." N.J.S.A. 54:4-23.3. Also, "[l]and shall be deemed to be in horticultural use when devoted to the production for sale of fruits of all kinds . . . ." N.J.S.A. 54:4-23.4.

Next, land must not only be in agricultural or horticultural use, but actively devoted to such use. A gross sales test establishes active devotion. The first five acres require average gross sales of $1,000 per year for the preceding two years. N.J.S.A. 54:4-23.5(a) (first paragraph). The remaining acreage requires average gross sales of $5.00 per acre. Ibid. (second paragraph).

3

Finally, land actively devoted to agricultural or horticultural use is still not eligible unless three conditions are met. First, the land must be actively devoted to agricultural or horticultural use for the two years prior to the tax year. N.J.S.A. 54:4-23.6(a). Second, five or more acres are required. N.J.S.A. 54:4-23.6(b). Third, the landowner must apply before August 1st of the prior tax year. N.J.S.A. 54:4-23.6(c). Even if the property is eligible, the property must remain in agricultural or horticultural use for the tax year. N.J.S.A. 54:4-23.8, -23.13, -23.15.

In this case, the parties stipulated: (1) the land is "actively devoted to agricultural use" for both the tax year and the two years prior;[1] (2) there is at least five acres; and (3) an application was made for 2020 prior to the August 1, 2019, deadline.

Despite the aforementioned stipulations, the township insists that the 2020 application denial was proper because the taxpayer did not file applications for 2018 and 2019. As explained by the township, "[w]hen the [taxpayer] filed in 2020, they were told this would be treated as an initial application, requiring two additional years to evaluate the property to ensure that it met the standard for Farmland

---

[1] Moreover, while gross sales are part of the actively devoted requirement, taxpayer has nevertheless separately established gross sales for 2018 and 2019 in excess of the statutory requirement.

Assessment."[2] The taxpayer contends the statute does not require the filing of any application for the two prior years.

This court confronted the identical issue in Saddle Mountain LP v. Borough of Ringwood, 20 N.J. Tax 29 (Tax 2002). The court pointed out that nowhere does the statute require an application for the two prior years. Id. at 32. Rather, only an application for the year of eligibility is required per subsection (c) of N.J.S.A. 54:4-23.6. Saddle Mountain, 20 N.J. Tax at 32. The only requirement for the two prior years is an active devotion to agricultural or horticultural use as required under subsection (a) of N.J.S.A. 54:4-23.6. Saddle Mountain, 20 N.J. Tax at 32.

The longstanding policy of the Director of the Division of Taxation also does not require the filing of applications for the prior tax years. See Id. at 33. The Director's regulations merely require the filing of an application on or before August 1st of the pre-tax year. N.J.A.C. 18:15-2.1. See Saddle Mountain, 20 N.J. Tax at 33. The only requirement as to the two prior years is a devotion to agricultural or horticultural use. N.J.A.C. 18:15-3.1. See Saddle Mountain, 20 N.J. Tax at 33. There is simply no application requirement for the two prior years. Finally, the latest edition of the Director's Handbook for New Jersey Assessors (rev. July 2024) does not require or reference any requirement of filing a farmland application for the two

---

[2] Curiously, despite this position, the township approved the farmland assessment for 2021 despite no application for 2019.

prior years.  Id. at §§ 616.03, 616.04.  See Saddle Mountain, 20 N.J. Tax at 33.  The Director's longstanding interpretation is entitled to great weight as evidence of conformity with legislative intent.  Last Chance Dev. P'ship v. Kean, 119 N.J. 425, 434 (1990).

In Saddle Mountain, the Borough of Ringwood set forth policy reasons why a taxpayer should be required to file in the two prior years.  Prior year filings put the assessor on notice to inspect the property to determine if the property is devoted to agricultural or horticultural use.  20 N.J. Tax at 31.  Without the notice provided by prior year filings, it is more difficult to reliably determine whether the taxpayer satisfied the requirements of the Act.  Ibid.

It may be true that requiring an application in the two prior years improves administration of the program.  The counterargument is that extra filings create more red-tape for farmers and landowners.  Any change in the eligibility requirements for farmland assessment are for the Legislature to decide.  It is not for the court to step into the shoes of the Legislature and rewrite the plainly written words of the statute to impose additional eligibility requirements.  The Legislature has struck a balance of what is necessary to establish eligibility.  The court is going to respect that balance.

For the foregoing reasons, the court grants taxpayer's motion for summary judgment.