584 A.2d 782

WAYNE PROWITZ, PLAINTIFF–RESPONDENT, v. RIDGEFIELD PARK VILLAGE, DEFENDANT–APPELLANT.

KATHLEEN DUNLEAVY, PLAINTIFF–RESPONDENT, v. RIDGEFIELD PARK VILLAGE, DEFENDANT–APPELLANT.

Argued November 5, 1990—Decided January 28, 1991.

*Thomas W. Dunn* argued the cause for appellant (*Beattie Padovano,* attorneys; *Thomas W. Dunn* and *Susan Anisfield Vallario,* attorneys; and *Martin T. Durkin,* on the briefs).

*Brian T. Campion* argued the cause for respondents (*Hartmann, Brooks, Van Dam & Sinisi,* attorneys).

*Douglas K. Wolfson* argued the cause for *amicus curiae* Hovnanian Enterprises, Inc. (*Greenbaum, Rowe, Smith, Ravin, Davis & Bergstein,* attorneys).

*Stephen Eisdorfer,* Assistant Deputy Public Advocate, argued the cause for *amicus curiae* Public Advocate of New Jersey (*Wilfredo Caraballo,* Public Advocate, attorney).

*Donald M. Palombi,* Deputy Attorney General, argued the cause for *amicus curiae* Council on Affordable Housing (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney; *Joseph L. Yannotti,* Deputy Attorney General, of counsel).

*John M. Payne* submitted a letter in lieu of brief on behalf of *amicus curiae* Alliance for Affordable Housing, Inc.

*Robert M. Washburn* submitted a letter on behalf of *amicus curiae* The Institute of Multi–Family Housing of New Jersey, Inc. (*Sherman, Silverstein & Kohl,* attorneys).

*Fred G. Stickel, III,* submitted a letter in lieu of brief on behalf of *amici curiae* New Jersey State League of Municipalities and New Jersey Institute of Municipal Attorneys (*Stickel, Koenig & Sullivan,* attorneys).

PER CURIAM

The judgment is affirmed, substantially for the reasons expressed in the opinion of the Appellate Division, reported at 237 *N.J.Super.* 435, 568 *A.*2d 114 (1989).

STEIN, J., concurring.

I join in the Court's affirmance of the Appellate Division's judgment for the reasons expressed in Judge Pressler's clear and comprehensive opinion at 237 *N.J.Super.* 435, 568 *A.*2d 114 (1989). I add only a few observations to address appellant's argument that the invalidity of the "preferential" tax treatment sanctioned by the Appellate Division's decision is accentuated by the Bergen County Housing Authority (Authority) regulations that permit respondents, Prowitz and Dunleavy, to continue to own and occupy their condominium units even if their incomes increase beyond the levels required for low- and moderate-income-housing eligibility. The Appellate Division's opinion responds directly to that contention:

> Obviously, it makes no difference in those terms if the owner, at some time after the commencement of his occupancy and by reason of the success of his work effort, exceeds the income limitations for eligibility for initial purchase. That is just the point. It is not a potential benefit to any specific affordable-housing unit owner with which the resale restriction is concerned, but rather the benefit to the public that is vouchsafed by indefinitely maintaining that unit in the affordable housing stock. And it is that public benefit which is the *quid pro quo* of the concomitant value-depreciating burden of the restriction. [*Id.* at 443, 568 *A.*2d 114.]

The counterpoint, however, is that the public benefit that accrues by maintaining these housing units in the affordable-housing inventory, through deed restrictions, may diminish substantially if significant numbers of such units are owned and occupied by families no longer eligible to purchase them. I imply no criticism of the Authority's regulatory scheme. We are informed by the Attorney General that COAH's regulations do not disqualify a housing unit from being counted for *Mount Laurel* credit because the household income exceeds the maximum permitted for low- and moderate-income housing eligibili-

ty, nor do COAH's regulations prohibit continued ownership and occupancy of a *Mount Laurel* unit by a household that would no longer be eligible to purchase it. *See generally N.J.A.C.* 5:92–12.1 to –12.18 (constituting COAH's regulatory scheme for assuring that "newly-constructed low and moderate income sales units remain affordable to low and moderate income households for * * * not less that 20 years." *N.J.A.C.* 5:92–12.1.) The considerations that may have led to that regulatory determination are self-evident, particularly the reluctance to mandate eviction from recently-acquired housing of a family that has realized a modest increase in its income. The problem may be self-correcting; low- or moderate-income households that experience significant increases in family income may tend to seek better-quality housing.

Nevertheless, it is realistic to recognize that widespread ownership and occupancy of affordable-housing units by families long since disqualified from purchasing such units could dilute the public purpose and benefit of the deed restriction, that public benefit constituting a significant basis for the Appellate Division's conclusion that the effect of the deed restriction must be reflected in the tax assessment of the condominium unit. 237 *N.J.Super.* at 443, 568 *A.*2d 114. In that circumstance, the deed restriction's impact on market value continues unabated, but the public-purpose justification for reflecting that impact in the unit's tax assessment may be eroded. Tax-assessment principles notwithstanding, a municipality would have difficulty justifying to its citizens reduced tax assessments on so-called-affordable housing units if the benefit of those assessments is enjoyed by numerous households ineligible to purchase the units and the burden is borne by the other taxpayers of the municipality.

On the limited record before us, the legal principles relied on by the Appellate Division are unassailable. There may come a time, however, when the Authority and COAH will have to revisit the regulatory scheme to insure that the public purpose underlying the deed restrictions—the maintenance of an afford-

able-housing stock to serve low- and moderate-income households—is not frustrated by attrition. In my view, continued recognition of the impact of these deed restrictions on real-estate assessments is justified only so long as the deed restrictions realistically continue to fulfill their laudable public objectives.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.