PER CURIAM.
Plaintiff Abunda' Life Church of Body, Mind & Spirit appeals from a Tax Court judgment dismissing its complaint wherein it had sought local property tax exemption for the 1994 tax year pursuant to the provisions of N.J.S.A. 54:4-3.6. The claimed exemption was denied upon the findings that the property was not actually and exclusively used for religious purposes, plaintiff had failed to demonstrate it operated on a nonprofit basis, and its use *485 of the property violated the zoning laws of defendant City of Asbury Park.
We have carefully reviewed the record and are satisfied that plaintiffs claim was properly denied. Without reaching the question of whether plaintiffs use of the property violated any of defendant’s zoning ordinances, we affirm the order denying plaintiffs claim for property tax exemption and the subsequent judgment dismissing plaintiffs complaint. We do so substantially for the reasons expressed by Judge Rimm in his extensive and detailed oral opinion.
We add only the following comments. Tax exemption statutes are strictly construed, and the burden of proving entitlement to an exemption is on the party seeking it. N.J. Carpenters v. Borough of Kenilworth, 147 N.J. 171, 177-78, 685 A.2d 1309 (1996); Princeton Univ. Press v. Borough of Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961).
To obtain a property tax exemption under N.J.S.A. 54:4-3.6 the applicant must be: organized exclusively for an exempt purpose; the property must be actually and exclusively used for the exempt purpose; and the applicant must not operate or use its property for profit. Paper Mill Playhouse v. Millburn Tp., 95 N.J. 503, 506, 472 A.2d 517 (1984).
In the present case, plaintiffs organizational purposes are not challenged. However, the record is replete with examples of plaintiffs commercial activities on the property, none of which can be legitimately construed as religious in nature or incidental to religious activities. There was substantial credible evidence to support Judge Rimm’s finding that plaintiff did not operate exclusively for religious purposes. Cesare v. Cesare, 154 N.J. 394, 411—12, 713 A.2d 390 (1998); Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 483-84, 323 A.2d 495 (1974); R. 2:11-3(e)(1)(A).
So too, plaintiffs proofs designed to demonstrate its nonprofit status were so deficient as to prevent any meaningful analysis of its financial posture, much less allow a conclusion that *486 it operated as a not-for-profit entity. As Judge Rimm correctly found, the financial reports submitted were “essentially meaningless in terms of indicating whether the plaintiff is operating on a nonprofit basis or not.” The Certified Public Accountant called on plaintiffs behalf conceded that his work-produet was only a compilation of receipts and expenditures, not a true financial statement or audit.. The missing proofs included a general ledger for receipts,' a daily cash receipts journal, donor records, and inventory data. There was either no proof or insufficient proof as to revenue generated from the church's investments, income from advertising and plaintiffs printing business as well as payments from insurance companies relating to medical procedures performed on the premises. Clearly plaintiff failed in its burden of proof to establish the asserted right to exemption. Dawn Bible Students Ass’n v. Borough of East Rutherford, 3 N.J.Super. 71, 75, 65 A.2d 532 (App.Div.1949).
The order denying plaintiffs claim for exemption and the judgment dismissing its complaint are affirmed.