MENYUK, J.T.C.
This matter comes before the court on cross-motions for summary judgment. The issue is whether the subject property is eligible for farmland assessment for tax year 2005 if the taxpayer failed to file the annual application for farmland assessment by the statutory deadline of August 1, 2004. For purposes of this motion, the defendant does not dispute that the property would qualify for farmland assessment except for the late application. For the *253 following reasons, plaintiffs motion for summary judgment granting farmland assessment is denied. Defendant’s motion is granted in part, because I conclude that the subject property is not entitled to valuation and assessment under the Farmland Assessment Act, N.J.S.A. 54:4-23.1 to -23.23 (the “Act”). Plaintiff is, however, entitled to a trial on the issue of the valuation of the subject property.
Plaintiff brings this motion on the ground that the property was purchased under the provisions of the Garden State Preservation Trust Act, N.J.S.A. 13:8C-1 to -42, and that plaintiff is restricted by its deed to using the subject property as farmland. According to plaintiff, no application for farmland assessment is required under these circumstances. It is plaintiffs position that the assessor was compelled to assess the subject property as farmland, because the assessor was aware of the restrictive covenant and the application for farmland assessment would be redundant. Defendant contends that, regardless of whether the subject property was otherwise qualified for farmland assessment under the Act, it may not be valued and assessed as farmland under the Act because the application was not filed by August 1, 2004.
Plaintiff’s motion is supported by the certification of its attorney and by the certification of Don Gural, one of plaintiffs owners. Mr. Gural’s certification contains several incorrect dates pertaining to the acquisition of the subject property, but as gleaned from the documents appended to the certification, plaintiff acquired the subject property from the State of New Jersey, State Agricultural Development Committee, by deed dated June 24, 2002. Plaintiff was the successful bidder for the property at a public auction that took place in November 2001. The sale price was $385,000.
According to Mr. Gural, the deed contains a restrictive covenant limiting the use of the subject property to farming. Although a partial copy of the deed was appended to the certification as an exhibit, the restrictive covenant was not included as part of the document. Mr. Gural’s certification also includes as exhibits two documents that are described as copies of an agreement for the sale of real property by auction, both dated November 12, 2001. *254 Neither copy of the agreement filed with the court contains any limitation on the use of the property, although each copy refers to “Schedule B,” which was not included in the motion papers. According to the agreement, Schedule B set forth various covenants and restrictions to which the conveyance of title to plaintiff is subject. Presumably, the restrictive covenant on which plaintiff relies is contained in that schedule. Defendant does not dispute that the deed contains a restrictive covenant, and for purposes of this motion, I accept that, pursuant to the deed, plaintiff may use the property only for farming purposes.
It is undisputed that plaintiff has used the property for agricultural purposes at all times relevant to this motion. According to defendant, plaintiff had previously filed timely applications for farmland assessment pursuant to the Act, and the subject property had been assessed as farmland under the provisions of the Act for tax years 2003 and 2004.
Mr. Gural owns other farms in Monmouth County and acknowledges that the application states that it is to be filed annually by August 1. In this case, Mr. Gural filled out the application sometime in July 2004 and gave it to his secretary to submit to defendant by the August 1, 2004 deadline. Several weeks after the due date, he discovered that his secretary had failed to file the application by the due date. Mr. Gural characterizes his secretary’s failure to file the application as “an act of sabotage.”
By letter dated August 12, 2004, defendant’s assessor notified plaintiff that the application for valuation, assessment, and taxation of land under the Act for tax year 2005 had been denied because an application had not been timely filed. It is unclear from this letter whether plaintiff filed an application for tax year 2005 at some point after August 1, but before August 12, 2004, or whether the August 12 letter was a routine notification made to taxpayers owning land assessed as farmland under the Act for 2004, who had failed to file a timely application for 2005. In either case, it is undisputed that no application had been filed by the August 1, 2004 due date.
*255 The property was assessed for tax year 2005 as two separate lots, as follows:
Block 60, Lot 3
Land $696,000
Improvements $ 44,300
Total $740,300
Block 61, Lot 10 Land $259,200
Improvements $ 0
Total $259,200
Plaintiff filed an appeal of the assessment with the Monmouth County Board of Taxation (“County Board”). Mr. Gural appeared without counsel on behalf of the plaintiff at the County Board hearing. The County Board affirmed the assessments and plaintiff thereafter retained counsel who filed a timely appeal with this court.
There is nothing in any of the moving papers supporting plaintiffs assertion that the subject property was acquired pursuant to the provisions of the Garden State Preservation Trust Act. Neither Mr. Gural’s certification nor the certification of plaintiffs attorney states that the property was so acquired, and there is nothing contained in the agreement for the sale of the property or the deed (or at least there is nothing contained in the portions of those documents actually filed with the court) which would indicate that is the case. I conclude, however, that it is not material to my decision how the property was acquired.
The cross-motions are both made pursuant to R. 4:46, which provides that summary judgment should be granted when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2(c). There is no genuine issue of material fact in this case, and the issue of whether plaintiff is entitled to assessment, valuation, and taxation under the Act is ripe for summary judgment.
*256 As plaintiff points out, the courts of this state have continuously stated that the purpose of the Act is to save farmland and preserve open space. See, e.g., Andover Tp. v. Kymer, 140 N.J.Super. 399, 404, 356 A.2d 418 (App.Div.1976); Township of Monroe v. Gasko, 182 N.J. 613, 619-20, 868 A.2d 1022 (2005). Plaintiff argues that the restrictive covenant contained in its deed serves the same purposes as the Act, and that it should therefore not be required to comply with the Act in order to be assessed as farmland. The defendant does not dispute that the use of the subject property by the plaintiff is consistent with the purposes of the Act, but contends that plaintiff must comply with the requirements of the Act, including making timely application.
In order to be entitled to valuation and assessment as farmland under the Act, a taxpayer must file an annual application by August 1 of the pre-tax year-. See, e.g. N.J.S.A. 54:4-23.2 (“[t]he value of land, not less than 5 acres in area, which is actively devoted to agricultural or horticultural use ... shall, on application of the owner, and approval thereof as hereinafter provided, be that value which such land has for agricultural or horticultural use”) (emphasis supplied). N.J.S.A. 54:4-23.6 provides, in relevant part:
Land which is actively devoted to agricultural or horticultural use shall be eligible for valuation, assessment and taxation as herein provided when it meets the following qualifications: ... (c) Application- by the owner of such, land for valuation hereunder is submitted on or before August 1 of the year immediately preceding the tax year to the assessor of the taxing district[.] (emphasis supplied)
See also N.J.S.A. 54:4-23.13:
Eligibility of land for valuation, assessment and taxation under this act shall be determined for each tax year separately. Application shall be submitted by the oumer to the assessor of the taxing district in which such land is sihiated on or before August 1 ... of the year immediately preceding the tax year for which such valuation, assessment and taxation are sought, (emphasis supplied)
N.J.S.A. 54:4-23.6 permits an assessor to extend the deadline for the application until September 1, but only where the owner has died or has been ill.
New Jersey courts have consistently held that the provisions of the Act compel the conclusion that a failure to file a timely application for farmland assessment will preclude valuation, as *257 sessment, and taxation under the Act for the particular tax year for which no application was filed. Cherry Hill Indust. Props, v. Voorhees, 186 N.J.Super. 307, 312-13, 452 A.2d 673 (App.Div. 1982), aff'd as modified on other grounds, 91 N.J. 526, 453 A.2d 850 (1982); Rubenstein v. Upper Pittsgrove Tp., 12 N.J.Tax 494, 499 (Tax 1991); Belmont v. Wayne Tp., 3 N.J.Tax 382, 384 (Tax 1981); Hashomer Hatzair, Inc., v. E. Windsor, 176 N.J.Super. 250,1 N.J.Tax 115, 118, 422 A.2d 808 (Tax 1980).
In Interstate 78 Office Park, Ltd. v. Tewksbury Tp., 11 N.J.Tax 172, 181 (Tax 1990), this court explained the reason that an application is required:
This legislative requirement for the filing of the farmland assessment application is to notice the assessor as to the exact agricultural or horticultural use the owner is claiming and the facts relied upon in support thereof so the assessor may check it out and make an informed determination whether the application sets forth a claim recognized by the act and whether the facts found by him support the claim----
When the assessor makes his physical inspection, naturally and logically, he is guided by the application as to what facts he should investigate.
Even though plaintiffs deed may restrict its use of the property, the Act still requires the assessor to investigate and make a determination of eligibility for assessment as farmland under the Act. Because plaintiff did not file a timely application, I conclude that it is not entitled to valuation, assessment and taxation under the Act for tax year 2005.
That conclusion does not end the matter. Plaintiffs motion papers also assert that the assessor should have taken the restrictive covenant into account in valuing the property. However, plaintiff incorrectly equates the true value of the subject as so restricted with the valuation, assessment and taxation of property under the Act.
The Act provides:
The assessor in valuing land which qualifies as land actively devoted to agricultural or horticultural use under the tests prescribed by this act, and as to which the owner thereof has made timely application for valuation, assessment and taxation hereunder for the tax year in issue, shall consider only those indicia of value which such land has for agricultural or horticultural use. In addition to use of his personal knowledge, judgment and experience as to the value of land in agricultural or horticultural use, he shall, in arriving at the value of such land, consider available evidence of agricultural and horticultural capability derived from the soil *258 survey data at Rutgers, The State University, the National Co-operative Soil Survey, and the recommendations of value of such land as made by any county or State-wide committee which may be established to assist the assessor.
[N.J.S.A. 54:4-23.7].
See also N.J.A.C. 18:15-4.3 (to the same effect). N.J.A.C. 18:15-4.2 specifically provides that:
In valuing land which qualifies for farmland assessment, only those indicia of value which such land has for agricultural or horticultural uses are considered by the assessor and not the prospective value which such land has for subdivision or other non-agricultural or horticultural purposes.
[emphasis supplied].
In the case of property that is not eligible for farmland assessment or other statutory exemption or abatement, the assessor must determine “the full and fair value of each parcel of real property situate in the taxing district at such price as, in his judgment, it would sell for at a fair and bona fide sale by private contract on October 1 next preceding the date on which the assessor shall complete his assessments.” N.J.S.A. 54:4-23. In other words, N.J.S.A. 54:4-23 requires the assessor to value the property in the same manner as it is valued in the marketplace, which may not necessarily be the same as the value established under the Act, even for property used as farmland pursuant to a restrictive covenant. See, e.g., Van Vugt v. Pequannock Tp., 20 N.J.Tax 129, 133-34 (Tax 2002) (describing the methodology used by the State Farmland Evaluation Advisory Committee to establish the valuation of farmland under the Act in its annual report for tax year 1999).
Although plaintiffs failure to file a timely application precludes valuation and assessment of the subject property under the Act, its true value may nevertheless be less than that of similar property that is not restricted as to its use. See, e.g., Village of Ridgewood v. Bolger Foundation, 104 N.J. 337, 342, 517 A.2d 135 (1986), involving a conservation easement, in which the Court stated:
It is clear that elements of value are surrendered by the taxpayer as an incident to transferring this assurance of preserving open space to the community at large. By giving up in perpetuity the right to do anything with the property other than keep it in its natural state, defendant has, as the County Tax Board found, seriously compromised its value as a marketable commodity____ [T]he adverse *259 impact of such an encumbrance on market value must be taken into account in arriving at an assessed valuation.
See also Prowitz v. Ridgefield Park Vill., 237 N.J.Super. 435, 440, 568 A.2d 114 (App.Div.1989), aff'd, 122 N.J. 199, 584 A.2d 782 (1991) (holding that assessment of affordable housing units had to take into account deed restrictions which limited their resale value).
 Plaintiff asserts that the assessor did not take the restrictive covenant into account when setting the assessments. Nevertheless, the assessments set by the assessor are presumed to be correct, and the taxpayer has the burden of establishing that the assessments are erroneous. Pantasote Co. v. City of Passaic, 100 N.J. 408, 413, 495 A.2d 1308 (1985). In order to overcome that presumption, the taxpayer must come forward with evidence that “is definite, positive and certain in quality and quantity.” Ibid., quoting Aetna Life Ins. Co. v. Newark, 10 N.J. 99, 105, 89 A.2d 385 (1952). There must be sufficient competent evidence adduced to prove a true value different from the assessments. Aetna Life Ins. Co., supra, 10 N.J. at 105, 89 A.2d 385. In the Tax Court, evidence of value is generally established by expert testimony, or testimony regarding comparable sales. See, e.g., R. 8:6-1(b) (providing for discovery of appraisal reports and comparable sales).
Accordingly, although plaintiff is not entitled to valuation, assessment and taxation under the Act, plaintiff is entitled to a trial to prove a market value for the subject property that is different than the assessments, including evidence that a restrictive covenant such as the one in plaintiffs deed, affects the value of the property. In that connection, it is necessary to address plaintiffs final argument, namely that plaintiff is entitled to relief from the judgment of the County Board pursuant to R. 4:50-1 (relief from a judgment on grounds of mistake, inadvertence, surprise, or excusable neglect, among other things). That rule is inapplicable here. Review of a judgment of a county board of taxation is properly sought by appeal to this court, and not by way of a motion made pursuant to R. 4:50-1. See N.J.S.A. 54:51A-1(a); R. 8:2(a). The Tax Court’s determination of all issues of fact *260 and of law is de novo. N.J.S.A. 2B:13-3(b). Accordingly, the plaintiff will be permitted to present any relevant evidence to establish a values for the subject properties at variance with the assessments, whether or not such evidence was presented to the County Board.
For the foregoing reasons, plaintiffs motion for summary judgment is denied, and defendant’s motion for partial summary judgment determining that the plaintiff is not entitled to valuation, assessment and taxation under the Act is granted. An order is enclosed. The parties are directed to exchange appraisal reports on or before December 29, 2006, and at the same time file a copy of the report with the court.