NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

# TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
JUDGE

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 EXT 38303**

July 6, 2020

Talbert Hall
321 Broad Street
Beverly, New Jersey 08010

Douglas Heinold, Esq.
Raymond Coleman Heinold
325 New Albany Road
Moorestown, New Jersey 08057

   Re: Beverly City v. Talbert Hall
      Docket No. 009747-2019

Dear Counsel and Mr. Hall:

This matter is before the Tax Court on plaintiff's appeal of the decision of the Burlington County Tax Board granting the Veteran's Exemption available to a surviving spouse pursuant to N.J.S.A. 54:4-3.30(b) for property located at 321 Broad Street, City of Beverly, County of Burlington, NJ (the "subject property"). The Court enters judgment for plaintiff, denying the surviving spouse veteran's exemption in this matter. The court finds that although defendant's spouse was an honorably discharged veteran who was declared 100% disabled by the Veteran's Administration from a service connected disability, she neither owned nor occupied the subject premises at the time of her death and, therefore, had no exemption that could be claimed by defendant as a surviving spouse in accordance with the statute.









*

<u>Findings of Fact[1] and Procedural History</u>

Defendant first applied for a surviving spouse veteran's exemption from tax on the subject property for calendar year 2018. That application was denied, and defendant did not appeal that denial. Defendant again submitted an application for exemption in 2019. That application was denied by the plaintiff and defendant filed a timely appeal to the Burlington County Tax Board which granted the exemption by memorandum of judgment dated June 13, 2019. Plaintiff timely filed a complaint in this court appealing the decision of the Burlington County Board of Taxation.

The testimony at trial revealed that defendant, Talbert Hall, is the surviving spouse of Joanne T. Alston a 100% disabled United States' veteran.[2] Ms. Alston died on April 12, 2016. The original death certificate issued with respect to Ms. Alston's death indicates that she was single/never married, however an amendment made two years later, on February 6, 2018, amended the death certificate to reflect that she was married to Talbert W. Hall at the time of her death. The death certificate further reveals that at the time of her death she was residing at an address in Collingswood, New Jersey.

Plaintiff's witness, the Tax Assessor for Beverly City, testified that after plaintiff requested additional documentation to support his application for exemption, defendant submitted the following documents:

1. A copy of a check issued by the United States Treasury dated May 11, 2018 to "Talbert Barto,[3] 4 Nassau Road, Lumberton, NJ" with the notation "VA Compensation Surviving Spouse Payment;"

---

[1] The findings of fact are based on the testimony and evidence presented at trial.
[2] Although no proof was provided at trial, plaintiff does not contest that Ms. Alston was declared 100% disabled by the U.S. Veteran's Administration.
[3] Although requested to provide an explanation as to why the check was issued to Talbert W. Barto, defendant did not provide such documentation to plaintiff or to the court. He testified

2

2. Correspondence from the Department of Veterans Affairs addressed to "Talbert M. Barto, 4 Nassau Road, Lumberton, NJ 08048" dated May 8, 2018, awarding a claim for surviving spouse death benefits;

3. An invoice from New Jersey American Water addressed to "TW Hall, 321 Broad St, Beverly, NJ 08010-1106" for service at the subject property for the billing period September 21, 2018 through October 18, 2018, reflecting 0 units of water utilized;

4. An invoice from PSE&G for service at the subject property issued to "Talbert W. Hall" reflecting charges of $83.24 and a credit balance of $156.60.[4]

5. A copy of a bank statement dated December 12, 2018 for an account at Beneficial Bank addressed to Barbara J. Goodher or Talbert W. Hall 120 Elm St. Apt. E4, Beverly, NJ 08010;

The Tax Assessor testified that after reviewing the information provided by defendant, as well as other documentation either submitted by defendant or obtained independently by the Tax Assessor, defendant's application was denied due to defendant's failure to demonstrate to the Assessor's satisfaction that the defendant was occupying the subject property. He further testified that certified mail he sent to the defendant at the subject property in December 2018 had been returned to him "unclaimed," further solidifying his belief that defendant did not reside at the subject property.

Defendant produced a witness who testified that in May 2018 defendant lived in her home at 4 Nassau Road, Lumberton, N.J. for a short while, "just a week or two," while recovering from

---

that the check was reissued in his name, but provided no confirming documentation, nor did he explain why the Veteran's Administration had issued a check to Talbert W. Barto. Nonetheless, the defendant was Ms. Alston's surviving spouse.

[4] The document submitted to the court did not include an address to which the invoice was sent or the details supporting the charge of $83.24.

3

a surgical procedure. She further testified that the joint bank account at Beneficial with defendant and herself had been established for a "very long time" and that the statements were sent to them at her address.

Defendant testified that he acquired the subject property from the Estate of his deceased mother. Although his mother had passed away in 2012, defendant did not become the owner until his mother's estate was settled in August 2018, almost two and one-half years after his wife passed away. Defendant testified that although he has resided in the subject property since September 2012 after his mother died, his wife did not live there with him, nor was she ever the owner of the subject property. Thus, at the time of her death, the veteran did not own or occupy the subject property and no exemption from tax had been requested or approved.

Defendant had no explanation as to why in May 2018, the Veteran's Administration had utilized the name Talbert W. Barto on the check intended for him, or why it was sent to the address in Lumberton, but testified that he had returned the check and that payments were made directly into his account. He did not explain why the Water company reflected no usage of water at the subject property for the period reflected on the bill, but instead asserted that the sewer authority only bills if there is more than 1000 gallons of water used in any billing period.

Legal Analysis

"Tax exemption statutes are strictly construed, and the burden of proving entitlement to an exemption is on the party seeking it." Abunda Life Church of Body, Mind & Spirit v. City of Asbury Park, 18 N.J. Tax 483, 485 (App. Div. 1999) (citing New Jersey Carpenters Apprentice Training and Educ. Fund v. Borough of Kenilworth, 147 N.J. 171, 177-78 (1996); Princeton Univ. Press v. Borough of Princeton, 35 N.J. 209, 214 (1961)). Here plaintiff asserts that defendant is

4

not entitled to the surviving spouse's veteran's exemption. Although it is plaintiff's appeal before the court, it is defendant's burden to prove he is entitled to the exemption at issue.

The New Jersey Constitution provides for special tax treatment for property owned by certain veterans of war. Specifically, it provides:

> Any citizen and resident of this State now or hereafter honorably discharged or released under honorable circumstances from active service in time of war in any branch of the armed forces of the United States, shall be exempt from taxation on real and personal property to an aggregate assessed valuation not exceeding five hundred dollars, which exemption shall not be altered or repealed. Any person hereinabove described who has been or shall be declared by the United States Veterans Administration, or its successor, to have a service-connected disability, shall be entitled to such further exemption from taxation as from time to time may be provided by law.
>
> [N.J. Const. art. VIII, § 1, ¶ 3.]

The N.J. Legislature, in partial recognition of the foregoing Constitutional provision, enacted N.J.S.A. 54:4-3.30(a) which provides, in part, that:

> The dwelling house and the lot or curtilage whereon the same is erected, of any citizen and resident of this State, now or hereafter honorably discharged or released under honorable circumstances, from active service, in time of war, in any branch of the Armed Forces of the United States, who has been or shall be declared by the United States Veterans Administration or its successor to have a service-connected disability . . . declared by the United States Veterans Administration or its successor to be a total or 100% permanent disability. . . shall be exempt from taxation on proper claim made therefore.
>
> [Ibid.]

Additionally, the Legislature provided that the surviving spouse was to be permitted the continuation of the exemption upon the veteran's death under certain proscribed circumstances.

> The surviving spouse of any [disabled veteran qualifying under N.J.S.A. 54:4-3.30(a)], *who at the time of death was entitled to the exemption provided under this act, shall be entitled, on proper claim*

5

*made therefor, to the same exemption as the deceased had*, during the surviving spouse's widowhood or widowerhood, as the case may be, and while a resident of this State, for the time that the surviving spouse is the legal owner thereof and actually occupies the said dwelling house or any other dwelling house thereafter acquired.

[N.J.S.A. 54:4-3.30(b)(1) (emphasis added).]

In order to qualify for the exemption, an applicant must demonstrate that they are the surviving spouse and unremarried widow of a qualifying disabled veteran and

(1)    *that the deceased veteran was entitled to the exemption at the time of [the decedent's] death*; (2) that [the surviving spouse] is the legal owner of the subject property (or replacement property) for the year under review; (3) that [the surviving spouse] is a resident of this State; and (4) that [the surviving spouse] actually occupies the dwelling house (or replacement dwelling). Upon such a demonstration, [the surviving spouse] is entitled to the "same exemption as the deceased had".

[Hays v. Paramus Borough, 28 N.J. Tax 342, 355 (2015).]

Although the plaintiff's denial was based on defendant's failure to adequately demonstrate that defendant actually occupied the subject property, the court's determination is based on defendant's failure to demonstrate the deceased veteran was entitled to an exemption at the time of her death. In order to have been entitled to an exemption, the property for which the exemption is claimed must have been the "dwelling house" of the disabled veteran. N.J.S.A. 54:4-3.30(a). The term "dwelling house" is defined as "any one-family building . . . *owned and occupied by a claimant as a legal residence in this State . . .*" N.J.S.A. 54:4-3.33. Based on the testimony provided by the defendant, his spouse had no ownership interest in the subject property at the time of her death and had no veteran's exemption in effect at the time of her death with respect to the subject property. Thus, there was no exemption to which the deceased veteran was entitled at her death under N.J.S.A. 54:4-3.30(a) to which the surviving spouse could make claim pursuant to N.J.S.A. 54:4-3.30(b).

6

In as much as it is the obligation of defendant to demonstrate his entitlement thereto, and defendant has failed to do so, the court will enter judgment for the plaintiff and will deny defendant's application for the exemption under N.J.S.A. 54:4-3.30.

Very truly yours,

/s/  Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.