NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
JUDGE

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 EXT 38303**

August 18, 2020

Jacqueline Brown-Carter
346 Company Street
Lawnside, New Jersey 08045

Edward H. Hill, Esq.
Law Offices of Louis G. Guzzo
89 N. Haddon Avenue
Camden, New Jersey 08033

Re:  Jacqueline Brown-Carter v. Borough of Lawnside
Docket No. 000489-2020

Dear Counsel and Ms. Brown-Carter:

This letter constitutes the court's opinion with respect to defendant's motion for summary judgment. At issue is whether, plaintiff may claim a Veteran's Exemption available to a surviving spouse pursuant to N.J.S.A. 54:4-3.30(b) for property located at 346 Company Street, Lawnside, New Jersey 08045. For the reasons explained more fully below, defendant's motion for summary judgment is granted and plaintiff's appeal is dismissed.

I.      Statement of Facts and Procedural History

The following facts were derived from defendant's statement of facts recited in its memorandum of law supported by the certification of Ron Fijalkowski, Tax Assessor for the Borough of Lawnside. Plaintiff did not oppose defendant's motion for summary judgment, nor did she submit opposition to the facts asserted in defendant's motion.

   

*

On July 29, 2019, Jacqueline Carter-Brown ("plaintiff") filed a fully executed "Claim for Property Tax Exemption on Dwelling of Disabled Veteran or Surviving Spouse/Civil Union or Domestic Partner of Disabled Veteran or Serviceperson." As part of plaintiff's application, she included proof of her marriage to Dirk N. Carter on January 20, 2009, as well as a certificate of death certifying to the death of Dirk N. Carter on April 23, 2015. Plaintiff also supplied a DD214 indicating service in the Vietnam War and a certification from the Veteran's Administration showing that as of at least August 13, 2012 Dirk N. Carter was "an honorably discharged veteran of the Army and [was] rated as 100% service disabled." Furthermore, plaintiff provided a deed for the property in question, Block 101 in Lot 104 on the Tax Map of the Borough of Lawnside, more commonly known as 346 Company Street in Lawnside, New Jersey 08045 (the "subject property" or "dwelling house"). The deed for the subject property conveyed the property solely to Jacqueline Brown on March 26, 1999. No other proof of ownership was provided. The Borough of Lawnside Tax Assessor ("Tax Assessor") denied plaintiff's claim for exemption on the basis that the veteran never had any ownership interest in the subject property.

On February 2, 2020, plaintiff filed complaint in Tax Court appealing the Tax Assessor's denial of the Veteran's Exemption available to a surviving spouse pursuant to N.J.S.A. 54:4-3.30(b). In support of her complaint, plaintiff alleged

> I Jacqueline Brown-Carter lived with Dirk Carter and our two sons at 346 Company St. Lawnside, NJ 08045, sence (sic) 1999 until dirk pass (sic) in 2015. Dirk and I were married in 20089. When Dirk went into the army we were going to get married when he comes (sic) home from Vietnam, but when he came home from Vietnam he was different and he was self medicating with street drugs, our relationship was up and down. Direk was sick and didn't know it. I brought (sic) this house in my name because I did know with him being on street drugs what could happen. I was trying to get him medical help plus psychiatrist for P.T.S.D. and he had bone cancer. Dirk became 100% service connected 8-13-2012, I filed for

exemption 7-2019.  I had power of attorney, I could have put his name on the deed if I knew his name had to be on deed.

[Plaintiff's complaint 2/06/2020]

On June 5, 2020, Borough of Lawnside ("defendant") filed the within motion for summary judgment.  By request of the court the motion was adjourned to August 18, 2020, to ensure plaintiff received proper notice of the motion and time to respond.   At this time no opposition has been received from plaintiff.

II.    Legal Issues and Analysis

*A. Summary Judgment*

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and the moving party is entitled to a judgment or order as a matter of law."  R. 4:46-2(c).  In Brill v. Guardian Life Ins. Co., 142 N.J. 520 (1995), our Supreme Court established the standard for summary judgment as follows:

> [W]hen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.

[Id. at 523.]

"The express import of the Brill decision was to 'encourage trial courts not to refrain from granting summary judgment when the proper circumstances present themselves.'"  Township of Howell v. Monmouth Cty. Bd. of Taxation, 18 N.J. Tax 149, 153 (Tax 1999) (quoting Brill, 142 N.J. at 541).

> [T]he determination [of] whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
>
> [Ibid.] (quoting Brill, 142 N.J. at 523.]

The movant bears the "burden to exclude any reasonable doubt as to the existence of any genuine issue of material fact" regarding the claims asserted. Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 74 (1954) (citation omitted).

Here, no genuine issue of material fact exists in the record to preclude entry of summary judgment and one party is entitled to judgment as a matter of law. The court finds that this matter is ripe for summary judgment.

### B. Veteran Exemption

"Tax exemption statutes are strictly construed, and the burden of proving entitlement to an exemption is on the party seeking it." Abunda Life Church of Body, Mind & Spirit v. City of Asbury Park, 18 N.J. Tax 483, 485 (App. Div. 1999) (citing New Jersey Carpenters Apprentice Training and Educ. Fund v. Borough of Kenilworth, 147 N.J. 171, 177-78 (1996); Princeton Univ. Press v. Borough of Princeton, 35 N.J. 209, 214 (1961)). Here, defendant asserts that plaintiff is not entitled to the surviving spouse's veteran's exemption. Plaintiff must prove she is entitled to the exemption.

The New Jersey Constitution provides for special tax treatment for property owned by certain veterans of war. Specifically, it provides:

> Any citizen and resident of this State now or hereafter honorably discharged or released under honorable circumstances from active service in time of war in any branch of the armed forces of the United States, shall be exempt from taxation on real and personal

4

property to an aggregate assessed valuation not exceeding five hundred dollars, which exemption shall not be altered or repealed. Any person hereinabove described who has been or shall be declared by the United States Veterans Administration, or its successor, to have a service-connected disability, shall be entitled to such further exemption from taxation as from time to time may be provided by law.

[N.J. Const. art. VIII, § 1, ¶ 3.]

The N.J. Legislature, in partial recognition of the foregoing Constitutional provision, enacted N.J.S.A. 54:4-3.30(a) which provides, in part, that:

The dwelling house and the lot or curtilage whereon the same is erected, of any citizen and resident of this State, now or hereafter honorably discharged or released under honorable circumstances, from active service, in time of war, in any branch of the Armed Forces of the United States, who has been or shall be declared by the United States Veterans Administration or its successor to have a service-connected disability . . . declared by the United States Veterans Administration or its successor to be a total or 100% permanent disability. . . shall be exempt from taxation on proper claim made therefore.

[Ibid.]

Additionally, the Legislature provided that the surviving spouse was to be permitted the continuation of the exemption upon the veteran's death under certain proscribed circumstances.

The surviving spouse of any [disabled veteran qualifying under N.J.S.A. 54:4-3.30(a)], *who at the time of death was entitled to the exemption provided under this act, shall be entitled, on proper claim made therefor, to the same exemption as the deceased had*, during the surviving spouse's widowhood or widowerhood, as the case may be, and while a resident of this State, for the time that the surviving spouse is the legal owner thereof and actually occupies the said dwelling house or any other dwelling house thereafter acquired.

[N.J.S.A. 54:4-3.30(b)(1) (emphasis added).]

In order to qualify for the exemption, an applicant must demonstrate that they are the surviving spouse and unremarried widow of a qualifying disabled veteran and

(1)     *that the deceased veteran was entitled to the exemption at the time of [the decedent's] death*; (2) that [the surviving spouse] is the legal owner of the subject property (or replacement property) for the year under review; (3) that [the surviving spouse] is a resident of this State; and (4) that [the surviving spouse] actually occupies the dwelling house (or replacement dwelling). Upon such a demonstration, [the surviving spouse] is entitled to the "same exemption as the deceased had".

[Hays v. Paramus Borough, 28 N.J. Tax 342, 355 (2015).]

Here, plaintiff concedes that Mr. Carter did not have legal title to the subject property. In order to have been entitled to an exemption, the property for which the exemption is claimed must have been the "dwelling house" of the disabled veteran. N.J.S.A. 54:4-3.30(a). The term "dwelling house" is defined as "any one-family building . . . *owned and occupied by a claimant as a legal residence in this State . . .*" N.J.S.A. 54:4-3.33. Based upon the evidence provided Mr. Carter never had title to the subject property and was never an owner of the subject property. Thus he had no exemption from tax for the subject property. Plaintiff as the surviving spouse of the otherwise qualifying veteran can only succeed to the exemption that the decedent had at his death. Unfortunately the deceased veteran had no exemption at the time of his death and his widow can claim nothing greater than what the deceased veteran had.

Accordingly, defendant's motion for summary judgment is granted and plaintiff's appeal is dismissed.

Very truly yours,

/s/  Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.

6