NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

# TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
JUDGE

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 EXT 38303**

July 29, 2021

VIA eCourts
Michael J. McKenna, Esq.
Hiering, Gannon, and McKenna
Attorney for defendant

VIA eCourts
David N. Abrams, Esq.
Attorney for plaintiff

Re:  Priestly Society of the Venerable John Henry Cardinal Newman vs Pine Beach
Borough
Docket No. 010370-2019

Dear Counsel:

This letter constitutes the court's opinion with respect to plaintiff's motion for summary judgment exempting the subject property from real property tax pursuant to N.J.S.A. 54:4-3.6. For the reasons explained more fully below, the plaintiff's motion is granted.

I.  Procedural History and Finding of Fact

The following facts and procedural history are derived from the plaintiff's unopposed statement of material facts and the court's record:

The Priestly Society of the Venerable John Henry Cardinal Newman ("plaintiff") is a not-for-profit corporation incorporated in the State of Nebraska. It is an organization of Roman Catholic priests that works to educate clergy and to promote and support Catholic education around the country. Plaintiff's Articles of Incorporation, dated March 18, 2004 indicate that it is incorporated under the provisions of the Nebraska Nonprofit Corporation Act and provide that it









is an organization "organized exclusively for charitable, religious and/or educational purposes within the meaning of section 501(c)(3) of the Internal Revenue Code" and that its purpose is "the service of God in the Catholic church as an organization of Catholic priests living in community and dedicated to Catholic education, apologetics, prayer, charity and apostolic works."

Plaintiff has used the property located at 601 Buhler Court, Pine Beach, New Jersey ("subject property") as its headquarters for approximately 10 years. The property is staffed and managed by two Roman Catholic priests, Father Nicholas Gregoris ("Fr. Gregoris") and Reverend Peter Stravinskas ("Rev. Stravinskas") who carry on the daily business of plaintiff from the subject property. The lower level of the subject property contains a religious library of more than 7,000 volumes which are accessible to Catholic school teachers and other researchers. Fr. Gregoris and Rev. Stravinskas offer Mass daily at the subject property, which services are open to the public. They also provide approximately 100 remote counseling sessions weekly, hear confessions regularly upon request, and offer spiritual direction to laity and clergy. The facility receives approximately 25 regular weekly visitors and 100 visitors on the high holidays such as Christmas and Easter. Plaintiff also has a publishing arm which publishes Catholic books, religious educational materials, and a bi-monthly and quarterly periodical which address issues related to the Roman Catholic faith[1]. Fr. Gregoris and Rev. Stravinskas use the upstairs area of the subject property as their permanent residence.

Plaintiff applied for an exemption from real estate property taxes for the subject property which was denied by the Pine Beach Borough tax assessor on January 8, 2019. Plaintiff appealed

---

[1] Plaintiff's submissions were not clear as to whether this "publishing arm" was operated at the subject property. As a result, the court has not considered the publication process as one of the uses of the subject property.

that decision to the Ocean County Board of Taxation, which affirmed the assessor's determination on May 31, 2019. On July 8, 2019, plaintiff filed the present appeal.

Plaintiff now moves for summary judgment granting its exemption from tax. Defendant filed opposition to the motion[2]. The court heard oral argument.

II.      Standard of Review

R. 4:46-2(c) provides the standard to be applied in motions for summary judgment, stating, in pertinent part, as follows:

> [J]udgment…shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact. R. 4:46(c).

The trial court's "function is not . . . to weigh the evidence and determine the truth . . . but to determine whether there is a genuine issue for trial." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). The trial judge must consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party." Ibid.

A motion for summary judgment should be denied when the party opposing the motion submits credible evidence that creates a genuine issue as to any material fact. Brill, 142 N.J. at 529. A court should only grant summary judgment "when the evidence 'is so one-sided that one

---

[2] Defendant's opposition did not include a responding statement admitting or denying plaintiff's statement of material facts. As a result, those facts are deemed admitted to the extent they are sufficiently supported. R. 4:46-2(b).

party must prevail as a matter of law.'" Id., 142 N.J. at 540 (quoting Anderson, 477 U.S. 242, 252 (1986)). "[T]he party defending against a motion for summary judgment cannot defeat the motion unless it provides specific facts that show the case presents a genuine issue of material fact, such that a jury might return a verdict in its favor." School Alliance Ins. Fund v. Fama Constr. Co., 353 N.J. Super. 131, 135-136 (Law Div. 2001) (citing Anderson, 477 U.S. at 256-57).

All material facts submitted by the movant which are sufficiently supported are to be deemed admitted unless the other party specifically disputes such facts. See R. 4:46-2(b). To dispute these facts, the party opposing the motion should submit a "responding statement either admitting or disputing each of the facts in the movant's statement." R. 4:46-2(b).

Defendant provided no responding statement of material facts. There are no genuine issues of material fact in dispute. The court finds this matter ripe for determination on a summary basis.

III.    Conclusion of Law

"'In New Jersey, all real property is subject to local property taxation . . . unless it has been exempted' by legislation." Christian Mission John 3:16 v. Passaic City, 243 N.J. 175, 185 (2020) (quoting Hunterdon Med. Ctr. v. Twp of Readington, 195 N.J. 549, 553 (2008)). "Tax exemption statutes are strictly construed, and the burden of proving entitlement to an exemption is on the party seeking it." Abunda Life Church of Body, Mind & Spirit v. City of Asbury Park, 18 N.J. Tax 483, 485 (App. Div. 1999) (citing N.J. Carpenters Apprentice Training and Educ. Fund v. Borough of Kenilworth, 147 N.J. 171, 177-78 (1996); Princeton Univ. Press v. Borough of Princeton, 35 N.J. 209, 214 (1961)).

N.J.S.A. 54:4-3.6 grants an exemption from local property tax for property used for a religious purpose. It states, in pertinent part,

> [t]he following property shall be exempt from taxation under this
> chapter . . . all buildings actually used in the work of associations

4

and corporations organized exclusively for religious purposes, including religious worship, or charitable purposes, provided that if any portion of a building used for that purpose is leased to a profit-making organization or is otherwise used for purposes which are not themselves exempt from taxation, that portion shall be subject to taxation and the remaining portion shall be exempt from taxation, and provided further that if any portion of a building is used for a different exempt use by an exempt entity, that portion shall also be exempt from taxation. . . .

[N.J.S.A. 54:4-3.6.]

Such exemptions are provided by the State as a "quid pro quo in recognition 'of the contribution of the exempt facility to the public good,'" Christian Mission John 3:16, 243 N.J. at 185 (quoting Roman Catholic Diocese of Newark v. Boro. of Ho-Ho-Kus, 42 N.J. 556, 566 (1964)), whether or not such use "is available to or most immediately benefits only some narrow segment of the general public." Ibid. (citing Girls Friendly Soc'y of P.A. v. Cape May City, 26 N.J. Tax 567 (Tax 2012)).

In reviewing an application for exemption, a three-prong test is applied.

A religious tax exemption under N.J.S.A. 54:4-3.6 is granted for a building if: (1) the property owner is organized exclusively for the exempt religious purpose; (2) the building on the property is actually used for that exempt purpose; and (3) the owner's operation and use of the property are not conducted for profit.

[Id. at 186, (citing Hunterdon Med. Ctr., 195 N.J. at 561).]

There is no dispute that the plaintiff is organized exclusively for an exempt religious purpose. Plaintiff provided its Articles of Incorporation which clearly demonstrate that plaintiff is organized for an exempt religious purpose. Defendant does not dispute plaintiff's qualification as an entity organized exclusively for religious purposes. Thus plaintiff satisfies the first prong of the test. Nor does defendant dispute that plaintiff's operation and use of the subject property is

5

not conducted for profit. The competent proofs submitted demonstrate that plaintiff's operations are not conducted for profit. Thus, prong 3 has been satisfied.

As to prong two, plaintiff maintains that its actual use of the subject property, including the use of the upper area as a residence for Fr. Gregoris and Rev. Stravinskas qualifies for exemption because the subject property is used for an exempt purpose. Plaintiff further maintains that to the extent that the residential use of the subject property does not qualify as an exempt use, such use is in the nature of a parsonage exemption, which also qualifies for exemption under N.J.S.A. 54:4-3.6. Thus plaintiff maintains that the subject property qualifies for exemption as a result of its primary exempt uses, and that the additional exempt use as a parsonage cannot act as a disqualifier since that use is, in and of itself, a qualified exempt use.

In opposition, defendant argues that "[a]ccording to the application submitted by the applicant, the claim for exemption is based on the single-family residence qualifying as a parsonage. The applicant conceded that there is no other church property associated with its use of the single-family residence." A review of the exemption application filed by plaintiff in this matter does not support that observation.[3] Nonetheless the Tax court determines all issues of fact and of law *de novo*. N.J.S.A. 2A:13-3(b); All Monmouth Landscaping & Design, Inc. v. Manalapan Twp., 23 N.J. Tax 250, 259-60 (Tax 2005). Thus the court will examine the record as it has been put before it.

---

[3] The exemption application was not submitted in support of, or in opposition to, this motion. At the court's request, however, plaintiff supplied a copy of the exemption application submitted to defendant. While that application does indicate that the "actual use" of the subject property is "editorial offices and clergy residence," the application further indicates that the use of the improvements are entirely for its exempt "educational, religious and charitable" purposes as set forth in its certificate of incorporation.

Defendant asserts that a "church is a building set apart for public worship." Defendant then argues that "the small room of the single-family residence is allocated only as an office and library for religious research. There is no public worship." Thus defendant maintains that the subject property cannot qualify as a parsonage because there is no church and no congregation. Defendant's protestations as to the lack of services at the subject property are unsupported by any factual basis. Plaintiff, on the other hand, has provided a certification in which it maintains that Mass is held daily at the subject property which is open to the public. Thus, although plaintiff maintains that the use of its property qualifies both as a parsonage and as a building used for religious purposes by an exempt organization.

In reviewing N.J.S.A. 54:4-3.6 as it relates to the parsonage exemption, Judge DeAlmeida observed,

> [t]he unambiguous language of the statute provides for an exemption if five factors are met: (1) the residence must be occupied as a parsonage by the officiating clergyman of a religious corporation of this State; (2) the land on which the residence sits, not in excess of five acres, must be necessary for the fair enjoyment of the premises and not devoted to a purpose other than use as a parsonage; (3) the entity claiming the exemption must not be conducted for profit, nor may the building or land associated with the parsonage be conducted for profit; (4) the entity claiming the exemption must own "the property in question"; and (5) the entity seeking the exemption must be authorized to carry out the purposes of a parsonage.
>
> [Congregation Chateau Park Sefard v. Twp. of Lakewood, 30 N.J. Tax 225, 231 (2017).]

"[B]uildings . . . actually occupied as a parsonage by the officiating clergymen of any religious corporation of this State . . . ." are exempt from taxation. N.J.S.A. 54:4-3.6. An officiating clergyman is one who is "a settled or incumbent pastor, or minister, that is, a pastor installed over a parish, church or congregation." Friends of Ahi Ezer Congregation, Inc. v. Long

7

<u>Branch City</u>, 16 N.J. Tax 591, 595 (Tax 1997). To determine if a clergyman is an officiating clergyman, "the court must look at the extent of the clergyman's activities … [and] [i]f the duties sound like those performed by the congregational leaders of all religious denominations, the clergyman is considered an officiating clergyman of the religious corporation." <u>Ibid.</u> (internal citations omitted). Based on the uncontroverted proofs submitted by plaintiff Fr. Gregoris and Rev. Stravinskas, their activities are those which are performed by congregational leaders of religious denominations and thus, they are considered officiating clergymen of the religious corporation.

Defendant's observation that there is no building independent from the subject which would constitute a "church" is unassailable. However, defendant provides no support for its position that a church must be a building set apart for public worship. Nor does defendant provide any basis to conclude that there is no "congregation" to whom the plaintiff administers.

In <u>Goodwill Home & Missions, Inc. v. Garwood Borough</u>, 281 N.J. Super. 596, 602 ( App. Div. 1995) the court stated,

> [a]n institution that conducts religious services several times a week in one location and trains people in its religious tenets as followers of Jesus Christ must be considered a religious congregation, *i.e.,* "an assemblage . . . of persons . . . to worship their God publicly in such manner as they deem most acceptable to Him, at some stated place and at regular intervals." (citing <u>St. Matthew's Lutheran Church for the Deaf v. Div. of Tax Appeals</u>, 18 N.J. Super 552, 558 (App. Div. 1952)).

There the chapel in which services were held was a room located within a building housing a dining facility, kitchen, medical office, Bible classes, and business offices. The court there recognized the religious nature of the organization and its exemption entitlement. There was no separate building constituting a church or other structure set apart for public worship. The court's

8

determination likewise was not dependent upon the size of the portion of the building in which the services were conducted, or the number of the persons attending the services.

The question is whether the building is actually used in the work of an exempt organization, "including religious worship or charitable purposes."

> "When determining whether a property is actually used for a tax-exempt purpose, the Tax Court evaluates whether the property is 'reasonably necessary' for such tax-exempt purposes." Borough of Hamburg v. Trs. of Presbytery of Newton, 28 N.J. Tax 311, 318 (Tax 2015) (quoting Roman Catholic Archdiocese of Newark v. East Orange City, 18 N.J. Tax 649, 653 (App. Div. 2000)). The "actual use" requirement does not demand that the particular use of the building is "absolutely indispensable" to the tax-exempt purpose. Boys' Club of Clifton, Inc. v. Twp. of Jefferson, 72 N.J. 389, 401 (1977).
>
> [Christian Mission John 3:16, 243 N.J. at186.]

The determination of whether or not property is being used for a purpose that qualifies for a tax exemption depends on the facts and circumstances of each case; there is no precise definition of what constitutes an exempt activity. Girls Friendly Soc'y Of P.A. v. Cape May City, 26 N.J. Tax 549, 568 (Tax 2012) (citing Cmty. Access Unlimited Inc. v. City of Elizabeth, 21 N.J. Tax 604, 613 (Tax 2003)).

Moreover, whether or not the subject property would qualify as a parsonage is not determinative. Furthermore, that the subject property is residential does not, in and of itself, work to obviate the exemption. There is "little doubt" that a residential property not eligible as a parsonage may nevertheless qualify for exemption as property used for religious purposes. City of Long Branch v. Ohel Yaacob Congregation, 20 N.J. Tax 511, 524 (Tax 2003), aff'd, 21 N.J. Tax 268 (App. Div. 2003). When evaluating whether a residential property qualifies for exemption, the court must determine whether the subject property is "predominantly used as an integral part of the operation of the exempt organization, rather than being primarily a convenience

9

to the tenant . . . ." Clinton Twp. v. Camp Brett-Endeavor, Inc., 1 N.J. Tax 54, 60 (Tax 1980). Only after the court is satisfied that the predominant use of the residence is an integral part of the operation of the organization, must the court turn to a determination whether it is "reasonably necessary for the proper and efficient operation of the exempt organization." Ibid. City of Long Branch v. Ohel Yaacob Congregation, 20 N.J. Tax at 523; Pompton Lakes Sr. Citizens Housing Corp. v. Pompton Lakes Borough., 16 N.J. Tax 331 (Tax 1997); St. Ann's Catholic Church v. Hampton Borough., 14 N.J. Tax 88, 94 (Tax 1994).

> In applying this test, the Court has held that "necessary" is not the same as "absolutely indispensable." Boys' Club of Clifton, Inc. v. Jefferson, 72 N.J. 389 (1977). When determining whether a building is reasonably necessary for the tax-exempt purpose, the use of the building should be evaluated in terms of how it serves the particular organization. Id. at 401-402.
>
> [Girls Friendly Soc'y of Pa. v. Cape May City, 26 N.J. Tax 549, 566 (2012).]

See, e.g., Borough of Hamburg v. Trustees of Presbytery of Newton, 28 N.J. Tax 311, 319 (Tax 2015) ("storage of documents and artifacts of a religious nature or related to the operation of the church should be deemed a religious purpose consistent with the exemption granted by [N.J.S.A. 54:4-3.6]").

Based on the uncontroverted evidence presented in this matter, the court finds that plaintiff satisfies the requirements of the second prong of the three-part test to qualify for the exemption. The uncontroverted proofs demonstrate that the subject property has several uses which further the religious purposes of the organization: the library promotes religious education and is available for the use of teachers and researchers; daily religious services open to the public are conducted; counseling is provided weekly; confessions are heard; and spiritual direction is provided to laity

and clergy. Additionally the Roman Catholic priests who reside on the second floor of the subject property minister to a congregation.

The subject property is predominantly used as an integral part of plaintiff's operations. Further, the court finds that the use of the property is reasonably necessary for the plaintiff's operations. Defendant's arguments that the subject property is only minimally used for religious purposes are unsupported by any factual basis. Even when viewed in the light most favorable to the defendant, the only competent evidence presented leads to the conclusion that plaintiff is entitled to the relief requested.

The court finds that plaintiff has demonstrated that the subject property is used for religious purposes qualifying for exemption pursuant to N.J.S.A. 54:4-3.6

IV.    Conclusion

For the reasons stated above, the plaintiff's motion for summary judgment is granted.

Very truly yours,

/s/  Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.